OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 A dispute arose between D. Lambert Railing Co. (Lambert), the subcontractor responsible for the guide rail work of the project to improve the condition of the Cross Westchester Parkway, and the State’s engineer-in-chief with respect to how the preparatory work required to order the necessary materials was to be conducted and the nature of the guide rail work itself. After completion of this work, claimant, the general contractor, instituted this action pursuant to an agreement with Lambert on the latter’s behalf alleging that the State had breached the contract.
 

 As to the issue of liability, the Court of Claims found that the State had interfered in the performance of the guide rail work, thereby causing severe disruption in Lambert’s work schedule and resulting in increased costs. These findings, affirmed by the Appellate Division and having support in the record, are beyond our review. (CPLR 5501, subd [b]; e.g.,
 
 Matter of Rothko,
 
 43 NY2d 305, 318.)
 

 In addition, on the record before us, we agree with the measure of damages as calculated by the Appellate Division. Claimant, seeking the reasonable value of the work actually performed by its subcontractor Lambert, was entitled to recover damages measured on a
 
 quantum meruit
 
 basis: to wit, actual job cost plus allowance for Lambert’s overhead and profit minus the amounts thus far paid for the work performed by Lambert. (See
 
 D’Angelo v State of New York,
 
 41 AD2d 77, 80, after remand for new trial 46 AD2d 983, affd 39 NY2d 781.) We would note that the State had its opportunity before the Court of Claims to submit proof of factual matters which might go to reduce the amount of damages.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order affirmed.