■ NACLERIO CONTRACTING Co., INC., Respondent, v ENVIRONMENTAL PROTECTION ADMINISTRATION et al., Appellants. — Order, Supreme Court, New York County (E. Shea, J.), entered March 19, 1981, denying in part the motion of the defendant City of New York for partial summary judgment, unanimously modified, on the law, without costs, to grant the motion for partial summary judgment dismissing the first, fourth, fifth, sixth, and eighth causes of action to the extent to which these actions seek damages for contract delays prior to April 19, 1973, and otherwise affirmed. This is an action by plaintiff, a contractor, for damages alleged to have been incurred in connection with a contract to lay a water main in the Borough of Brooklyn. As here pertinent, the defendant City of New York moved for partial summary judgment dismissing various contract causes of action to the extent to which they sought damages for delays allegedly the fault of the defendant city that occurred prior to April 19, 1973. The motion was founded on the contention that the plaintiff waived its claim for such damages in several executed applications for extensions of contract time, the last of which was dated March 21, 1973, in which the

plaintiff agreed to waive and release any and all claims against the City of New York "except for claims for excessive overruns on contract items, utility company interferences and for delays beyond our control, although it is agreed that we will not make any claims based upon delays to date for which this extension of time is sought to be granted." In the March 21 application, plaintiff sought a 98-day extension from February 18 to May 27, 1973; the city granted plaintiff a 59-day extension from February 19 to April 19, 1973. In pertinent part, Trial Term denied the city's motion for partial summary judgment on a finding that the above language was ambiguous, that the terms were dictated by the city, and that factual issues were presented regarding the existence or absence of a valid waiver. We disagree, and accordingly reverse, and grant the city's motion for partial summary judgment to the extent to which the pertinent causes of action seek damages for delays attributable to the city that occurred prior to April 19, 1973, the outside date of plaintiff's last waiver as limited by the city's certificate of extension. The language in the waivers quoted above seems to us quite clear and free from any ambiguity. On this appeal defendant advances the additional argument that the extensions and waivers in issue were in any event invalid because they were for periods of time in excess of 60 days and approved only by the commissioner of the contracting agency rather than by the board of extensions of contract time, and that the commissioner was not empowered to approve extensions of such duration. However, on September 17, 1970 the New York City Board of Estimate adopted a resolution permitting the head of any contracting agency to further extend the time for performance of a contract beyond a 60-day extension, with exceptions not relevant here. Accordingly, the city's extension of contract performance until April 19, 1973 was valid, and plaintiff's waiver of claims based upon delays prior to that date is enforcible, and requires the granting of partial summary judgment to the city to the extent indicated. Concur — Kupferman, J. P., Sandler, Markewich, Lupiano and Fein, JJ.