■ DE FOE CORP., Respondent, v CITY OF NEW YORK, Appellant. — In an action to, *inter alia,* recover damages for breach of contract, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rader, J.), dated October 28, 1982, as (1) denied its motion for partial summary judgment dismissing the fifth and stated portions of the third causes of action asserted in the complaint and (2) granted that branch of plaintiff's cross motion which sought to amend the third and fifth causes of actions asserted in the complaint. Order modified, on the law, by (1) deleting so much thereof as grants that branch of plaintiff's cross motion which sought to amend the complaint and substituting therefor a provision denying the cross motion in its entirety, and (2) deleting so much thereof as denied defendant's motion for summary judgment on the fifth and stated portions of the third causes of action and substituting therefor a provision granting said motion to the extent of dismissing items A, D and E of the third cause of action and the fifth cause of action, and denying the same in all other respects. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. On or about October 2, 1975, De Foe Corp., the plaintiff, entered into a contract with defendant City of New York whereby plaintiff agreed to provide all labor and material necessary for the installation of new water mains in designated areas of Kings County. On or about September 5, 1979 plaintiff commenced the instant action whereby it alleged, *inter alia,* that the city breached the contract. In the fifth cause of action plaintiff seeks to recover the profit lost when the city changed the material to be used in backfilling the open trenches, and to recover the cost of its overhead attributable to that portion of the contract. The contract originally called for plaintiff to supply and install clean granular sand as fill. Defendant later, in an effort to save money, demanded that excavated material be used as fill. In the third cause of action, plaintiff seeks payment for various items, labeled A, B (1), B (2), C, D, E, and F. Plaintiff claims that these items refer to additional work it was not obligated to perform under the contract and which it did perform only under protest. The claim for item B (1) has been withdrawn. The city did not move to dismiss items C and F. Thus, only the claims for items A, B (2), D and E are to be resolved on this appeal. Items A, D and E seek payment for extra repair work necessary on the installed pavement. Plaintiff contends that this extra repair work was necessary only because the city insisted that excavated material be substituted as fill for clean granular sand. Item B (2) seeks payment for certain asphalt plaintiff insists it replaced and for which the city refused to pay. On or about April 10, 1981 the city moved for partial summary judgment dismissing the fifth and stated portions of the third causes of action. It maintained, *inter alia,* that plaintiff waived any claim it had for additional compensation for extra or disputed work by failing to comply with article 28 of the contract. That article provides, in pertinent part, that in order for a contractor to recover for disputed work or work performed under protest, the contractor must submit daily records indicating the labor involved in performing the work and the nature and quantity of any materials, plant or equipment furnished or used. Article 28 further provides that: "[f]ailure to comply strictly with these requirements shall constitute a waiver of any claim for extra compensation or damages on account of the performance of such work." It is undisputed that plaintiff never complied with this requirement by submitting labor and material records for the additional work claimed under the third cause of action. Defendant also moved for summary judgment dismissing the fifth cause of action on the ground that it failed to state a cause of action in light of article 29 of the contract. That article states, in pertinent part, that "[i]f any contract work in a unit price contract * * * is so omitted by the Commissioner,

no payment will be made therefor". In seeking summary judgment, defendant maintained, *inter alia*, that article 29 gave it the right to substitute the excavated material for the granular sand and, therefore, plaintiff cannot seek the profit and overhead it lost by not supplying the clean granular sand. In a cross motion plaintiff sought, *inter alia*, to amend its complaint to shift items A, D and E from the third cause of action to the fifth cause of action. The basis for this request was that these items of extra work were caused by defendant's alleged breach of contract in altering the requirement that clean granular sand be used as fill. The fifth cause of action, which seeks the profit plaintiff lost in not supplying the clean sand, and the cost of overhead attributable thereto is indeed improper. Article 29 of the contract clearly gives defendant the right to omit items of work from the contract. As long as the changes made in the work are not so substantial as to alter or destroy the essential identity or the main purpose of the contract they are proper (*Del Balso Constr. Corp. v City of New York*, 278 NY 154). The main purpose of the contract at bar was to install water mains. A substitution in the material used to backfill the open trenches cannot be deemed to alter the main purpose or essential identity of the work. Plaintiff claims that it is entitled to this lost profit and overhead because in reliance on the profit it would make in supplying this sand, it submitted, as part of its bid, lower unit prices on certain other items. This argument, however, lacks merit. Plaintiff was aware that defendant reserved the right to omit certain work and therefore should have had this factor in mind when preparing its bid (*Del Balso Constr. Corp. v City of New York, supra*, p 162; *Trimpoli v State of New York*, 20 AD2d 933). Plaintiff has no right to seek compensation for lost profits and overhead in losing the job of supplying clean sand for fill. Therefore, the defendant's motion, insofar as it was to dismiss the fifth cause of action, should have been granted. Plaintiff has waived its right to seek compensation for items A, D and E in the third cause of action. Article 28 of the contract clearly provides that when a party is performing extra work for which there has been no agreement as to price, or is performing disputed work, that party must submit daily records concerning the material and labor involved. Article 28 clearly states that a failure to comply with this requirement results in a waiver of any request for compensation for such work. These records are intended to allow defendant to verify not only the cost of the work but also what work was actually performed. Plaintiff's undisputed failure to supply these records constitutes a waiver of his right to seek compensation. Consequently, so much of plaintiff's third cause of action as sought to recover for items A, D and E should have been dismissed. The only item remaining in the third cause of action for our consideration is B (2), which seeks compensation for certain saw-cut asphalt for which the city refused to pay. A triable issue exists on this claim because plaintiff insists it could not possibly comply with article 28, the reason being that this asphalt was mixed and installed with other asphalt which the city agrees the contract required to be replaced and for which it paid. Plaintiff insists that since the asphalt was all mixed and installed together, it was impossible to keep separate records on the amount of material and labor involved in installing just the portion of the asphalt for which defendant refuses to pay. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.