■ NACLERIO CONTRACTING Co., INC., Respondent, v ENVIRONMENTAL PROTECTION ADMINISTRATION et al., Appellants.— Order, Supreme Court, New York County (Ascione, J.), entered December 13, 1983 modified, on the law, without costs, to grant defendants' motion for partial summary judgment

dismissing the extra work portions of plaintiff's first, fourth, fifth and sixth causes of action (claims 9, 10, 11 and 12), and otherwise affirmed.

On February 18, 1971 Naclerio Contracting Co., the plaintiff, contracted with defendant City of New York acting through the Department of Environmental Protection (hereafter both defendants, their interests identical, are referred to as DEP) for the construction of a 48-inch water main in Brooklyn. On September 29, 1975, after the project was completed, plaintiff brought an action seeking, *inter alia,* money damages for extra work allegedly performed above and beyond that required by the contract. On February 2, 1982 DEP was successful in dismissing portions of plaintiff's money damage claims for delay (86 AD2d 793, *appeal dismissed* 56 NY2d 712), while other claims for tort, moneys due and owing, and posted securities were either dismissed below or were paid and rendered moot. The portions of plaintiff's complaint involved in this appeal seek additional compensation for claims numbered 9 through 12 for sewer connections (No. 9), additional width in the restoration of a sewer trench (No. 10), locating the "Atlantic" main pipe (No. 11), and a premium for fire insurance (No. 12). Defendants' appeal insofar as it concerns claim No. 13 for emergency repairs to an existing main has been withdrawn.

DEP appeals from an order of Special Term denying DEP's motion for partial summary judgment dismissing claims 9 through 12, arguing that those claims were waived by plaintiff when it failed to comply with contract requirements for contemporary documentation of such work. In response to DEP interrogatories plaintiff denominated the aforesaid claims as "extra, additional and/or protest work."

Chapter VI of the contract, comprising articles 25 through 28, sets forth the governing terms relating to "Changes and Extra Work". Article 25, entitled "Extra Work" (defined as "work other than that required by the contract at the time of its execution") provides that an order for such work, which shall not increase the contract price by over 5%, "shall be valid only if issued in writing and signed by the Commissioner [of the New York City Department of Water Resources]". Article 27 provides that as to "disputed work", i.e., where DEP determines that work is required by the contract but the contractor believes it is extra work justifying additional compensation, the contractor "must * * * notify the Commissioner in writing that the work is being performed, or that the determination and direction [to perform such work] is being

complied with, under protest." Upon failure to comply with this provision, "the Contractor shall be deemed to have waived any claim for extra compensation or damage therefor. Oral appeals or oral protests, no matter to whom made, shall not be deemed even substantial compliance with the provisions of this Article."

Article 28 provides as here pertinent that in order for a contractor to recover for extra work (unless payment therefor is to be made by a lump sum or at unit prices previously agreed upon) or disputed work, he must submit daily records while the work is being performed indicating the name of each workman so employed, the number of hours employed, the character of such work, and the nature and quantity of any materials and equipment used in connection with such work. Article 28 further provides: "Failure to comply strictly with these requirements shall constitute a waiver of any claim for extra compensation or damages on account of the performance of such work or compliance with such determination or order." The purpose of article 28 was set forth as follows in the affidavit of Jack Feinstein, DEP's supervising construction engineer: "Unless such records are submitted to the City on a daily basis and verified by the City representative at the contract site, the City is without recourse to actually know, in a project of this size, whether extra work was done and, if so, was done at a fair and reasonable value and in an efficient manner." We observe that in the instant case the work was completed in 1973, and this action seeking compensation for "extra, additional and/or protest work" was commenced in 1975. It is in precisely such a case as this that the reporting and waiver provisions of article 28 are meant to apply.

DEP moved for partial summary judgment dismissing plaintiff's claims 9 though 13 on the ground of plaintiff's failure to comply with the aforesaid provisions requiring contemporaneous written documentation of extra or disputed work performed. Plaintiff responded by conceding noncompliance with articles 27 and 28, but nevertheless urged that claims 9 and 11 actually seek compensation for additional work required by the discovery of "changed conditions", and are thus governed by the following contractual provision: "*Changed Conditions—* Should the Contractor encounter during the progress of the work, subsurface conditions at the site materially differing from any shown on the Contract Drawings or indicated in the specifications or such subsurface conditions as could not reasonably have been anticipated by the Contractor and were not anticipated by the City, which conditions will materially affect

the cost of the work to be done under the contract, the attention of the Commissioner must be called immediately to such conditions before they are disturbed. The commissioner shall thereupon promptly investigate the conditions. If he finds that they do so materially differ, or that they could not reasonably have been anticipated by the Contractor and were not anticipated by the City, the contract may be modified with his written approval. However, the amount of any increase or decrease of cost resulting from such conditions shall be subject to the prior written approval of the Comptroller's Chief Engineer. Any increase in costs resulting therefrom shall be subject to Charter and Administrative Code Provisions relating to additional work."

Assuming, arguendo, that this provision is applicable to claims 9 and 11, plaintiff has not demonstrated or even alleged that the contract was modified with the Commissioner's written approval, and prior cost increase approval of the Comptroller's Chief Engineer, as therein provided. Thus, plaintiff's claims must fall into one of three categories: (1) if the work performed was required by the contract (e.g., claim No. 12, for fire insurance premium), no additional compensation is justified; (2) if extra or disputed work, there must be strict compliance with the requirements of articles 27 and 28 or any claims relating thereto are explicitly waived (*De Foe Corp. v City of New York*, 95 AD2d 793), and there was no such compliance in this case; (3) if additional work attributable to changed conditions, there must be a contract modification subject to the Commissioner's written approval, with the increase in cost subject to prior written approval of the Comptroller's Chief Engineer, and there was none here. Accordingly, defendants' motion for summary judgment dismissing plaintiff's claims numbered 9 through 12 should have been granted. Concur—Sandler, J. P., Carro, Lynch and Rosenberger, JJ.