■ BUCKLEY & COMPANY, INC., Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent.—Order of the Supreme Court, New York County (Martin Evans, J.), entered December 4, 1984, which granted defendant City of New York's motion for summary judgment dismissing plaintiff Buckley & Company, Inc.'s third and fourth causes of action, insofar as they seek delay damages, but which, *sua sponte,* granted plaintiff leave to replead the dismissed causes, and which denied defendant's motion to dismiss plaintiff's second cause of action seeking compensation for extra and additional work, unanimously modified, on the law, plaintiff's second cause of action is dismissed and those portions of the order appealed from granting plaintiff leave to replead its third and fourth causes are deleted, and except as modified, affirmed, with costs to defendant-appellant.

Defendant City of New York (City) awarded plaintiff Buckley & Company, Inc. (Buckley) a contract to construct a pumping station. The contract price was $8,442,130. Work on the construction project was to begin in June 1966 and was to be completed in June 1968. Problems, however, developed at the excavation site. A cofferdam designed by the City to prevent seepage into the excavation proved ineffective. This gave rise to repeated delays while alternatives to the cofferdam were devised and implemented. The project was not completed until 1976.

In its third and fourth causes of action, plaintiff seeks to recover damages incurred as a result of the delays eventuated by the City's improper design of the cofferdam. Article 13 of the contract, however, provides: "The Contractor agrees to make no claim for damages for delay in the performance of this contract occasioned by any act or omission to act of the City or any of its representatives, and agrees that any such claim shall be fully compensated for by an extension of time to complete performance of the work as provided herein."

The identical language has been construed by the Court of Appeals to create a bar to any claim for delay damages where the delay was within the contemplation of the contracting parties and was not caused by the contractee's willful misconduct or abandonment of the project. *(Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377; *Corinno Civetta Constr. Corp. v City of New York, Catapano Co. v City of New York, Honeywell, Inc. v City of New York, Nab-Tern Constructors v City of New York,* consolidated and decided by Ct of App May 6, 1986, 67 NY2d 297.) As the Court of Appeals observed, this waiver provision evidences the parties' unambiguous intent to have the contractor absorb the costs of the contractee's delay. *(Kalisch-Jarcho, Inc. v City of New York, supra,* at p 384.)

Manifestly, the parties were aware that subsurface conditions might delay completion of the project. It was, in fact, for this reason that section 4 (b) of the "information for bidders", deemed part of the contract by chapter 1, article 1 of the contract, provided a procedure to modify the agreement should additional work be necessitated by unanticipated subsurface conditions. Thus, while the conditions themselves may not have been anticipated, the possibility, however unlikely, of their arising was contemplated and addressed by the parties in their agreement. Plaintiff may not then avoid the bar to delay damages posed by the contract construed according to the rule of *Kalisch-Jarcho (supra)* by claiming that the delay was uncontemplated.

Nor may the contractual bar to delay damages here be avoided by reason of the contractee's willful misconduct. Along with Trial Term, we are unable to find any evidence of conduct by the City so grossly negligent as to constitute a predicate for a delay damage claim in the face of the contract's broad exculpatory clause. On the record before us it appears that the City was at most simply negligent in its evaluation of the subsurface conditions and design of the cofferdam. Delays caused by the contractee's ordinary negligence, however, fall well within the scope of the above-quoted exculpatory clause and may not, therefore, support a claim for delay damages.

For the aforementioned reasons, plaintiff's third and fourth causes of action for delay damages were properly dismissed by Trial Term. Having granted defendant's motion for summary judgment as to these causes, however, it was error for Trial Term to *sua sponte* allow plaintiff leave to replead. A motion for summary judgment does not direct the court's attention to the sufficiency of the pleading, but rather to the factual basis

for the action or defense. *(Goodman v Mutual Broadcasting Sys.,* 16 Misc 2d 858, 860 [Sup Ct, Queens County 1959], *affd* 10 AD2d 632 [2d Dept 1960].)* Once a court has granted or denied a summary judgment motion based on the facts adduced before it, the matter is res judicata *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.13); new life may not be breathed into it through permissive repleading, even upon a showing of merit. The time to demonstrate the merit of an action or defense challenged on a motion for summary judgment is before the motion is decided *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338 [1974]). The conclusive effect of a judgment on the merits may not be fatally undermined, as it was here, by allowing the party whose cause is dismissed a second chance to litigate the matter.

Turning now to plaintiff's second cause of action, it seeks compensation for "extra and additional" work performed by plaintiff at the City's direction "under protest". The City maintains that this work was properly covered by the contract but that, in any case, plaintiff has waived its right to assert a claim for such work. The City's claim of waiver is premised upon articles 27 and 28 of the contract, which prescribe the procedures to be followed with regard to disputed work. Article 28 states clearly that failure to follow these procedures strictly constitutes a waiver of any claim for extra compensation.

It is undisputed that plaintiff has not complied with the disputed work procedures. Despite this, plaintiff urges that its second cause of action is unaffected by the article 28 waiver since the disputed work was not "extra" work but "additional" work caused by unanticipated subsurface conditions. The distinction between "extra" and "additional" work is tenuous in the extreme since the contract defines "extra work" as "work other than that required by the contract at the time of its execution", which definition would seem to be inclusive of "additional work". Yet even if we are to assume that there is a distinction between "extra" and "additional work", it is inconsequential to our disposition of plaintiff's second cause of action. This is because regardless of the manner in which "additional work" incurred due to changed subsurface conditions differs from "extra work", it is compensable under the agreement only by means of a contract modification pursuant to contract section 4 (b). As no contract modification was sought regarding the additional work items in plaintiff's second cause, no claim for "extra and additional" work may now be asserted. This conclusion is compelled by

our decision in *Naclerio Contr. Co. v Environmental Protection Admin.* (113 AD2d 707, 710 [1st Dept 1985]), where, construing contractual provisions identical to those presently before us, we reasoned: "plaintiff's claims must fall into one of three categories: (1) if the work performed was required by the contract * * * no additional compensation is justified; (2) if extra or disputed work, there must be strict compliance with the requirements of articles 27 and 28 or any claims relating thereto are explicitly waived *(De Foe Corp. v City of New York,* 95 AD2d 793), and there was no such compliance in this case; (3) *if additional work attributable to changed conditions, there must be a contract modification subject to the Commissioner's written approval, with the increase in cost subject to prior written approval of the Comptroller's Chief Engineer, and there was none here. Accordingly, defendant's motion for summary judgment dismissing plaintiff's claims * * * should have been granted."* (Emphasis added.)

Plaintiff's contention that the City, through its resident engineer, waived strict compliance with the procedures required by contract articles 27 and 28 and section 4 (b) is not persuasive as it is supported only by conclusory allegations insufficient to defeat a motion for summary judgment *(see, Capelin Assoc. v Globe Mfg. Corp., supra).* Moreover, article 30 of the contract provides expressly that the resident engineer has no power to change the contract terms. *(See, Albert Saggese, Inc. v Town of Hempstead,* 100 AD2d 885 [2d Dept 1984], *mod on other grounds* 64 NY2d 908 [1985].)

Finally, plaintiff may not avoid its contractual waiver of delay damages by attempting, as it does in its fourth cause of action, to recover on a quantum meruit basis. The fourth cause alleges merely that the contract was breached by the City and that plaintiff is, therefore, entitled to recover for the fair value of its work less its costs. If the contract was breached, however, plaintiff's proper course is to sue upon the contract for damages. *(Nixon Gear & Mach. Co. v Nixon Gear,* 86 AD2d 746 [4th Dept 1982]; *Levi v Power Conversion,* 47 AD2d 543 [2d Dept 1975]; *Jontow v Jontow,* 34 AD2d 744 [1st Dept 1970].)* It must be noted that plaintiff has fully performed the contract and has been paid in excess of $10,000,000 pursuant to its terms. At this late date, absent fraud or other extreme circumstances so warranting, the contract may not be avoided. Such circumstances not having been demonstrated, the contract, along with its broad exculpatory clause for delay damages resulting from the City's actions or omis-

sions, must be enforced. Concur—Murphy, P. J., Kupferman, Asch, Kassal and Rosenberger, JJ.