■ AMERICAN STANDARD, INC., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, and CITY OF NEW YORK, Appellant.—In an action to recover damages for breach of contract, the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Garry, J.), entered July 8, 1988, as, upon a jury verdict, is in favor of the plaintiff and against it on the third cause of action asserted in the complaint in the principal sum of $1,021,089.60.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the third cause of action asserted in the complaint is dismissed.

In October 1977 a corporation known as Westinghouse Air Brake Co., the predecessor in interest to the plaintiff, entered into a contract with the defendant the City of New York, acting through the New York City Transit Authority. The contract was for the sale and delivery of block signalling and interlocking equipment and installation of the equipment in two sections of the Interborough Rapit Transit subway lines. The contract, which had a completion date of May 1980, was not completed on schedule. The plaintiff commenced this action claiming damages for breach of contract. The plaintiff alleged, *inter alia,* that the delay in completion was caused by the failure of the defendant to grant many of the plaintiff's requests for diversions of train traffic from the area on which it was working. At the close of the plaintiff's case, the defendants moved for a dismissal of the complaint on various grounds, including failure to present proof of compliance with notice provisions in the contract. The Trial Judge, in the

absence of objection by the plaintiff, granted the motion to dismiss the first two causes of action but denied the motion insofar as it sought dismissal of the third cause of action. After deliberation, the jury rendered a verdict in the plaintiff's favor. We now reverse and dismiss the third cause of action.

Article VII § w of the contract provided as follows: "If the Contractor shall claim compensation for any damage sustained by reason of any act, neglect, fault or default of the City or the Authority or their agents, he shall within ten (10) days after the sustaining of such damage, make a written statement to the Engineer of the nature of the damage sustained. On or before the fifteenth day of the month succeeding that in which any such damage shall have been sustained, the Contractor shall file with the Engineer an itemized statement of the details and amount of such damage, and unless such statement shall be made and filed as thus required, his claim for compensation may in the discretion of the Authority be forfeited and invalidated and he shall not be entitled to payment on account of such damage. The provisions of this paragraph shall not be construed as a recognition or admission of any legal liability on the part of the City or the Authority to pay any sum on account of any damage suffered in connection with or arising out of the performance of this contract or any part thereof." In addition, article XI § d of the contract provided that "[w]henever the contractor has knowledge of any condition which threatens to delay the timely performance of this contract the contractor shall within ten (10) days, give notice thereof including all relevant information with respect thereto, to the Authority". While the record discloses some proof of compliance with article XI § d, there is no showing of any similar compliance with article VII § w. In *De Foe Corp. v City of New York* (95 AD2d 793, 794), this court strictly construed a similar notice provision since such "records are intended to allow [the] defendant to verify" the damages allegedly sustained *(see, Saggese, Inc. v Town of Hempstead,* 100 AD2d 885; *see also, Buckley & Co. v City of New York,* 121 AD2d 933, 935-936; *Naclerio Contr. Co. v Environmental Protection Admin.,* 113 AD2d 707, 709-710). In view of the plaintiff's failure to show proof of compliance, the court should have dismissed the third cause of action.

In light of our determination, we decline to reach the other contentions of the parties. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.