■ SAFWAY STEEL PRODUCTS, a Division of FIGGE INTERNATIONAL, INC., Plaintiff, v CRAFT ARCHITECTURAL METALS CORP., Respondent, and DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Appellant.—Order of Supreme Court, New York County (Edward J. Greenfield, J.), entered or or about October 2, 1991, which, to the extent appealed from denied the motion of defendant Dormitory Authority of the State of New York for summary judgment dismissing the second and third cross-claims asserted against it by defendant Craft Architectural Metals Corp., unanimously affirmed, without costs.

The general rule barring the assertion of waiver and estoppel against a governmental entity is not applicable to this case insofar as the contractor's claim for extras is concerned. The rule is premised upon the theory that governmental agencies cannot be held accountable for the unauthorized acts of their agents, and is applicable to prevent reliance on the principles of waiver and estoppel in instances where persons rely to their detriment upon a governmental action taken in excess of authority or in contravention of a duty which is statutorily or otherwise legally imposed *(see, e.g., Granada Bldgs. v City of Kingston,* 58 NY2d 705, 708; *Lutzken v City of Rochester,* 7 AD2d 498). The rule does not bar assertion of a claim that the governmental entity waived strict compliance with contractual terms *(see, Planet Constr. Corp. v Board of Educ.,* 7 NY 381, 385). In this case, Craft submitted evidence of substantial correspondence and negotiation regarding the work which is claimed to be extra and outside the scope of the contract, indicating that the Authority indeed had notice of the claims.

In such instance, the question of waiver is one for the trier of fact *(see, supra,* at 386; *Whitmyer Bros. v State of New York,* 63 AD2d 103, *affd* 47 NY2d 960; *Amadeus, Inc. v State of New York,* 36 AD2d 873, 874, *appeal dismissed* 29 NY2d 634; *McKay Constr. Co. v Board of Educ.,* 33 AD2d 862). The cases cited by the Authority are distinguishable either because the contract in issue recited strict compliance provisions or there was insufficient evidence presented to raise a triable issue of fact on the issue of waiver *(see, e.g., Naclerio Contr. Co. v Environmental Protection Admin.,* 113 AD2d 707; *Buckley & Co. v City of New York,* 121 AD2d 933, 935-936; *De Foe Corp. v City of New York,* 95 AD2d 793, 794). Concur—Murphy, P. J., Carro, Milonas, Ellerin and Kupferman, JJ.