Judgment.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.

■ CLAYTON R. GISMAN, Individually and as Conservator of the Property of JUDITH F. GISMAN, Appellant, v ANN C. HAMMER, Defendant, and TOWN OF PERINTON, Respondent. [620 NYS2d 296] —Order unanimously affirmed without costs for reasons stated at Supreme Court, Siragusa, J. (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.

■ ALMOR ASSOCIATES et al., Respondents, v TOWN OF SKANEATELES, Appellant. [619 NYS2d 991] —Order unanimously affirmed with costs. Memorandum: The court properly granted plaintiffs leave to amend their complaint. "A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court * * * Leave shall be freely given upon such terms as may be just" (CPLR 3025 [b]). Defendant has not shown that it will be prejudiced as a result of the amendment, except perhaps by exposure to greater liability, which is not enough to defeat the amendment (see, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23). Neither can it be said that the proposed amendment is patently lacking in merit (see, Boccio v Aspin Trucking Corp., 93 AD2d 983). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Amended Complaint.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.

■ In the Matter of the Arbitration between NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant, and COMPUTER SCIENCES CORPORATION, Respondent. [619 NYS2d 449] —Order and judgment unanimously affirmed with costs. Memorandum: On a prior appeal, we remitted this matter to Supreme Court for resolution of factual issues concerning the contractor's compliance with contractual notice and claim requirements that constituted condition precedents to arbitration (see, Matter of Niagara Frontier Transp. Auth. v Computer Sciences Corp., 179 AD2d 1037). After a lengthy hearing, the Judicial Hearing Officer concluded that the contractor substantially complied with the contractual notice and claim requirements, and that, by reason of the voluminous correspondence, discussions, negotiations, and course of conduct of

the parties, Niagara Frontier Transportation Authority (Authority) had actual knowledge of the contractor's extra work and delay damages and waived strict compliance with those contractual requirements. We agree.

The contract does not mandate strict compliance with its procedures for notice of potential claims for extra work or claims for delay damages, and there is no provision precluding waiver or estoppel based on acts of the Authority's employees and representatives (see, e.g., Huff Enters. v Triborough Bridge & Tunnel Auth., 191 AD2d 314, lv denied 82 NY2d 655; Buckley & Co. v City of New York, 121 AD2d 933, 936, lv dismissed 69 NY2d 742; Naclerio Contr. Co. v Environmental Protection Admin., 113 AD2d 707, appeal dismissed 66 NY2d 915). To the contrary, the contract provides that a claim may be considered even in the absence of compliance with the notice of potential claim requirement where the contractor can show that the Authority was not prejudiced by the noncompliance. The contract further provides that, where prejudiced, the Authority can reduce any equitable adjustment claimed by the contractor to reflect such damages.

Further, the record supports the conclusions that the Authority had actual knowledge of the contractor's extra work and delay damages claims and that, by reason of the correspondence, discussions, negotiations and parties' course of conduct, the Authority waived strict compliance with the contractual notice requirements (see, Egan, Inc. v City of New York, 17 NY2d 90; Whitmyer Bros. v State of New York, 63 AD2d 103, affd 47 NY2d 960; Safway Steel Prods. v Craft Architectural Metals Corp., 183 AD2d 452; Amadeus, Inc. v State of New York, 36 AD2d 873, appeal dismissed 29 NY2d 634).

We have reviewed the remaining contentions of the Authority and conclude that they are without merit. (Appeal from Order and Judgment of Supreme Court, Erie County, Mintz, J. —Arbitration.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.