■ NAB-TERN-BETTS, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. [660 NYS2d 424] —Order, Supreme Court, New York County (Louis York, J.), entered December 22, 1995, which denied defendant's motion for partial summary judgment dismissing the fifth cause of action for breach of contract and so much of the third cause of action as sought damages arising from deterioration of the collector plates and denied plaintiff's motion for partial summary judgment on its fourth cause of action and to dismiss defendant's counterclaim for liquidated damages and defendant's eighth and ninth affirmative defenses, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on its fourth

cause of action and to dismiss defendant's counterclaim and defendant's eighth affirmative defense, and otherwise affirmed, without costs.

The IAS Court properly denied defendant's motion for partial summary judgment based on defendant's contention that plaintiff had not provided adequate notice of delay damages pursuant to article 27 of the contract, and was therefore precluded from recovery on its fifth cause of action for breach of contract and so much of its third cause of action as sought damages for additional costs incurred because of the deterioration of the collector plates. Contrary to plaintiff's contentions, we find that the notice provisions of article 27 of the agreement apply to these items (*MRW Constr. Co. v City of New York*, 223 AD2d 473, *lv denied* 88 NY2d 803), and that the City's failure to demand further documentation and its extension of the contractually scheduled completion date did not constitute a waiver of the provisions (*see, Huff Enters. v Triborough Bridge & Tunnel Auth.*, 191 AD2d 314, 316-317, *lv denied* 82 NY2d 655). However, questions of fact nevertheless remain as to the exact nature of the documentation that was, in fact, submitted to the City and whether that documentation adequately set forth the nature, extent and costs of the damages so as to constitute adequate notice under the contract, as well as to when such notice was due pursuant to the contractual time periods, which must be measured from when plaintiff sustained out-of-pocket costs. Similarly, as to the provisions of article 11 requiring notice within five days of any condition delaying timely completion of the contract, questions of fact remain as to the timing of the occurrence of the condition that caused the delay (*supra*, at 317). For the same reason, the court properly denied summary judgment dismissing defendant's ninth defense, which is based on defendant's argument that plaintiff failed to comply with article 11.

Moreover, as to the claim for costs incurred for replacing the deteriorated collector plates, summary judgment was properly denied because questions of fact remain as to whether the requirements of article 27 were met as well as to whether, under article 7 of the contract, defendant was responsible for the delays which caused the deterioration.

However, we find that the IAS Court erred in denying plaintiff's motion for summary judgment on its fourth cause of action, which sought damages for extra work arising from changes in the design of the structural steel frame. The compelling evidence offered by plaintiff, including the statement of the assistant comptroller recommending payment for this work,

entitled it to summary judgment in light of the perfunctory support by the City of its contention that the changes in the steel frame were not necessary to accommodate the new precipitator and of its alternative contention that plaintiff should be held liable for inappropriately selecting a precipitator that required such changes.

Furthermore, we find that plaintiff was also entitled to summary judgment dismissing defendant's counterclaim, for liquidated damages, and defendant's eighth affirmative defense, which are both based on plaintiff's alleged failure to adhere to the progress schedule, since the evidence demonstrates that the scheduled completion date of the project was actually extended by the City. Concur—Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.