■ GEMMA CONSTRUCTION COMPANY, INC., Respondent, v CITY OF NEW YORK, Appellant. [668 NYS2d 195] —Order, Supreme

Court, New York County (Jane Solomon, J.), entered May 2, 1997, which denied defendant City of New York's motion for partial summary judgment dismissing plaintiff's first cause of action, unanimously affirmed, without costs.

In its first cause of action, plaintiff contractor seeks to recover damages of $1,457,049.38 for delay in completing work under its contract with the City. The second cause of action, which seeks to recover a $35,000 balance alleged to be due under the contract, is not at issue. An internal memorandum from defendant's project manager specifies three periods of "delays encountered by the Prime Contractors on this project directly attributable to actions on the part of the city" totaling "225 calendar days, or approximately 7½ months". Defendant unquestionably had contemporaneous notice of these delays, which were occasioned by the inability to timely obtain building permits (the City's filed plans were incomplete), an improperly elevated foundation at one of the sites (the City's specifications were inaccurate), and the City's failure to timely correct a dangerous condition (an unstable wall on an adjacent property posed a hazard).

The City's answer alleges that plaintiff waived its right to seek delay damages pursuant to the provisions of article 13 of the contract and that plaintiff failed to comply with notice provisions of article 27, entitled "Disputed Work, Determination or Order". In its moving papers, however, the City does not raise the waiver provision, advancing only plaintiff's failure to comply with article 27 as the basis for dismissal of the complaint. In opposition, plaintiff contends that the notice provision contained in article 11 governs claims for delay damage and that articles 27 and 28 concern the notice to be given to the City regarding claims for extra or disputed work. In its reply papers, the City takes the position that compliance with the notice and documentation requirements of article 27 is a "condition precedent for *all* claims for damages under the contract" whether or not they involve "extra" or "disputed" work.

Article 1 of the contract provides that " 'Extra work' shall mean work other than that required by the Contract at the time of its execution." The contract does not define either "disputed work" or "delay damages". In *Naclerio Contr. Co. v Environmental Protection Admin.* (113 AD2d 707, 708, *appeal dismissed* 66 NY2d 915), this Court noted that, with respect to the various items for which damages are sought, "Chapter VI of the contract, comprising articles 25 through 28, sets forth the governing terms relating to 'Changes and Extra Work'."

We noted that "disputed work" is work that the City contends is required by the contract but the contractor regards as "extra" work (*supra*, at 708). The decision concludes that work governed by the provisions of Chapter VI invariably falls into one of three categories: (1) work required to be performed pursuant to the contract, resulting in no additional compensation, (2) disputed or extra work, requiring that the contractor comply with articles 27 and 28 in order to pursue its claim, or (3) work attributable to changed conditions, requiring a contract modification subject to the written approval of the Construction Commissioner (*supra*, at 710). Where damages are sought for "extra or disputed work, there must be strict compliance with the requirements of articles 27 and 28 or any claims relating thereto are explicitly waived" (*supra*, at 710, citing *De Foe Corp. v City of New York*, 95 AD2d 793; *see also, Buckley & Co. v City of New York*, 121 AD2d 933, 935-936). As suggested by *Naclerio*, the purpose of the detailed notice provision is to document the extra work performed. In the words of the City's supervising construction engineer, " 'Unless such records are submitted to the City on a daily basis and verified by the City representative at the contract site, the City is without recourse to actually know, in a project of this size, whether extra work was done and, if so, was done at a fair and reasonable value and in an efficient manner' " (*Naclerio Contr. Co. v Environmental Protection Admin.*, *supra*, at 709).

By contrast, "delay damage claims seek compensation for increased costs * * * whether the costs result because it takes longer to complete the project or because overtime or additional costs are expended in an effort to complete the work on time" (*Corinno Civetta Constr. Co. v City of New York*, 67 NY2d 297, 313-314). Therefore, while a contractor may be required to perform additional work on account of a delay, such as protecting concrete from winter temperatures (as done here at a cost of $159,437.71), that expense does not, ipso facto, become "extra" work, as that term is defined in the contract. It is accepted that such action is necessary to mitigate the damages resulting from a delay (*Spang Indus. v Aetna Cas. & Sur. Co.*, 512 F2d 365, 370 [2d Cir 1975]). A significant item in delay damages is the increase in fixed costs and overhead incurred by reason of the deferral of the completion date of the project (*see, Fehlhaber Corp. v State of New York*, 65 AD2d 119, 130, *lv denied* 48 NY2d 604), amounting to $968,797.96 in this case.

Chapter III of the disputed contract is entitled "Time Provisions". Comprising articles 8 through 17, this chapter deals with the progress of the work and contains provisions expressly

relating to damages for the contractor's delay (art 16), waiver of claims by the contractor (art 13) and the notice to be furnished to the City of the conditions causing delay (art 11). Although article 13 provides for an absolute waiver of claims attributable to delay, it is settled that the contractual bar does not apply to delays arising from contractee's bad faith, uncontemplated delays, those constituting intentional abandonment of the contract and those resulting from breach of a fundamental obligation of the contract (*Corinno Civetta Constr. Co. v City of New York, supra*, at 309; *Buckley & Co. v City of New York, supra*, at 934).

Defendant suggests no compelling reason to look beyond the provisions of Chapter III in respect of the notice to be given where, as here, damages are sustained solely because of the City's delay. Indeed, as Supreme Court pointed out, the contemporaneous notification of damages required by article 27 is in conflict with the deferred notification for delay damages provided in article 42.1 of the contract. Therefore, application of article 27 to a delay damages claim would have the effect of rendering the notice provision of article 42 without force and effect, in violation of "a cardinal rule of construction" (*Corhill Corp. v S. D. Plants,* 9 NY2d 595, 599; *Spaulding v Benenati,* 57 NY2d 418, 425; *Laba v Carey,* 29 NY2d 302, 308). However, as the City cites authority that seems to accord universal application to the notice provisions of article 27, a review of this area is in order.

In *Huff Enters. v Triborough Bridge & Tunnel Auth.* (191 AD2d 314, *lv denied* 82 NY2d 655), in which the plaintiff claimed damages for delay as well as for extra work, this Court treated the notice provisions of article 11 and article 27 as discrete, stating (at 317): "The fact that defendant may have permitted 'extra work' claims pursuant to Article 25 does not preclude it from demanding compliance with Article 11 since the claims which the Authority is seeking to dismiss relate only to delay damages; the claims for extra work remain unaffected." Similarly, in *Buckley & Co. v City of New York (supra),* in which the Court dismissed claims for delay damages and for extra work, the delay damages claim was dismissed pursuant to the contractual bar of Chapter III, article 13, while the extra work claim was dismissed for failure to comply with the procedures mandated by Chapter VI, articles 27 and 28. Under the precedent established by this Court, the categories of claims embraced by Chapter VI of the contract, in which articles 27 and 28 are contained, do not include delay damages (*Buckley & Co. v City of New York, supra*, at 935-936). Therefore, these

cases do not support the City's contention that the provisions of articles 27 and 28 apply to any and all damage claims arising under the contract.

In its moving papers, the City relies on a particular paragraph contained in article 27 as the basis for dismissal of plaintiff's claim for delay damages. It provides: "If the Contractor shall *also* claim to be sustaining damages by reason of any act or omission of the City or its agents, he shall within five days after the sustaining of such damage, notify the Commissioner in writing and within thirty days thereafter, or within such additional time in excess of thirty days as may be granted by the Commissioner upon written request therefor, submit to the Commissioner verified detailed statements of the damages sustained together with documentary evidence of such damages. On failure of the Contractor to fully comply with the foregoing provisions, such claims shall be deemed waived and no right to recover on such claims shall exist." (Emphasis added.) The scope of this provision is not completely clear, although the Appellate Division, Second Department, has held that similar language in a different contract encompasses delay damages (*American Std. v New York City Tr. Auth.*, 167 AD2d 494, 495, *lv dismissed* 78 NY2d 908). In any event, the interpretation of this clause is not necessary to the disposition of this matter.

In its moving papers, the City contends that the provision operates to bar plaintiff's claim because "Gemma failed to give timely written notice to the Commissioner of such acts or omissions with the required verified detailed statements and documentation of the damages sustained." The City, however, conveniently overlooks the use of the word "also" in this paragraph. The provision has potential application where a plaintiff asserts claims for both extra work and delay damages or a claim predicated upon delay together with tortious conduct (*e.g., National States Elec. Corp. v City of New York*, 225 AD2d 745, 747-748 [causes of action for (1) additional work, (2) misrepresentation of material facts and wrongful, deliberate and negligent delay and prevention of contract work, and (3) additional bond premiums]). It has no application to a claim predicated entirely on the City's delay.

By way of example, in *MRW Constr. Co. v City of New York* (223 AD2d 473, *lv denied* 82 NY2d 803), this Court stated that dismissal of a cause of action was warranted, "whether the cause of action is considered as seeking additional compensation for extra work or for disputed work or for delay damages, since plaintiff failed to prove strict compliance with the notice

and damage documentation requirements of Articles 27 and 28 of the contract" (*supra*, at 473, citing *Buckley & Co. v City of New York, supra*; *Huff Enters. v Triborough Bridge & Tunnel Auth., supra*). The City takes this pronouncement, stated without factual context, to signify that the distinction between notice of delay and notice of extra work has been abrogated. A more reasonable interpretation is that, in the absence of a clear basis upon which damages are sought to be recovered, the Court will impose the more stringent notice requirements applicable to the recovery of damages for extra work. Similarly, in *Nab-Tern-Betts v City of New York* (241 AD2d 379, 380), this Court applied article 27 to claims encompassing delay damages (citing *MRW Constr. Co. v City of New York, supra*). As Supreme Court stated in that case, "The third cause of action is for additional work including damage to steel collector plates occasioned by the delay in their installation * * * The fifth cause of action is for breach of contract, misrepresentation and negligence" (*Nab-Tern-Betts v City of New York*, Sup Ct, NY County, Dec. 22, 1995, York, J., index No. 22972/91, *affd* 241 AD2d 379). We held that "the notice provisions of article 27 of the agreement apply to these items" (241 AD2d, *supra*, at 380). The explanation for the result reached in cases such as these is not that the notice provision of article 27 applies to any and all claims for damages, as the City contends, but that the notice provision will be applied by this Court where a contractor fails to clearly differentiate a claim for delay damages from a claim seeking recovery for extra work that the contractor was required to perform (*see also, Lasker-Goldman Corp. v City of New York*, 221 AD2d 153, 154, *lv dismissed* 87 NY2d 1055 ["Recovery of delay damages is also precluded by Article 13 of the contract"]).

The instant appeal presents no question regarding the nature of the damages for which recovery is sought. The cause of action states a claim for delay damages exclusively, to which the disputed provision is, by its terms, inapposite. Therefore, defendant's motion for summary judgment was properly denied. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.