14-4414-cv
Cancel v. New York City Human Resources Administration

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand fifteen.

PRESENT: REENA RAGGI,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

FRANKIE CANCEL,
*Plaintiff-Appellant*,

v.                                                                             14-4414-cv

NEW YORK CITY HUMAN RESOURCES
ADMINISTRATION/DEPARTMENT OF
SOCIAL SERVICES, *et al.*,
*Defendants-Appellees*.

_____

APPEARING FOR APPELLANT:          FRANKIE CANCEL, *pro se*, New York, New York.

APPEARING FOR APPELLEES:          TAHIRIH M. SADRIEH, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment deemed to have been entered on July 6, 2015, is AFFIRMED.[1]

Plaintiff Frankie Cancel appeals pro se from an award of summary judgment in favor of defendants on Cancel's claim that defendants violated his federal right to procedural due process and parallel state law rights in rescinding an offer of employment based on his criminal record. Cancel further appeals from the denial of his motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an award of summary judgment de novo and will affirm only if the record, viewed in favor of the non-moving party, shows no genuine issues of material fact and the moving party's entitlement to judgment as a matter of law. See Jackson v. Federal Express, 766 F.3d 189, 193−94 (2d Cir. 2014). We review for abuse of discretion the denial of reconsideration and the district court's decision not to exercise supplemental jurisdiction over state law claims. See Smith v. Hogan, 794 F.3d 249, 253 (2d Cir. 2015)

---

[1] Because no separate judgment was entered in this matter as required by Fed. R. Civ. P. 58(a), a judgment is deemed to have been entered 150 days after the February 6, 2015 entry of the district court's dispositive order. See Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).

(reconsideration); Federal Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd., 726 F.3d 62, 84 (2d Cir. 2013) (supplemental jurisdiction).

Upon such review, we conclude that the district court correctly granted defendants summary judgment on Cancel's procedural due process claim because, under New York law, Cancel's appointment would have been probationary and New York does not afford probationary employees property rights in their positions protected by due process. See Finley v. Giacobbe, 79 F.3d 1285, 1297−98 (2d Cir. 1996) (collecting cases). Insofar as Cancel claims that his interviewers appointed him to a non-probationary position, such an action would have been unauthorized and, thus, insufficient to bind defendants or to confer a property interest in the position on Cancel. See Safway Steel Prods. v. Craft Architectural Metals Corp., 183 A.D.2d 452, 452, 583 N.Y.S.2d 844, 845 (1st Dep't 1992).

Further, on the record presented, we identify no abuse of discretion in the district court's decision not to exercise supplemental jurisdiction over the state law claims. See Delaney v. Bank of Am. Corp., 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (internal quotation marks omitted)). We also identify no abuse of discretion in the decision not to grant reconsideration. See Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing

a rehearing on the merits, or otherwise taking a second bite at the apple . . . ." (ellipses original) (internal quotation marks omitted)).

We therefore affirm for substantially the reasons stated by the district court in its thorough October 31, 2014 and February 6, 2015 decisions. We have considered all of Cancel's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4