Graciano Corp. v Lanmark Group, Inc. (2023 NY Slip Op 05703)

Graciano Corp. v Lanmark Group, Inc.

2023 NY Slip Op 05703

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Index No. 652750/14 Appeal No. 1002-1003 Case No. 2023-00896, 2023-00898 

[*1]Graciano Corporation, Plaintiff-Respondent,
v
Lanmark Group, Inc., et al., Defendants-Appellants.
Lanmark Group, Inc., Third-Party Plaintiff-Appellant,
v
Liberty Mutual Insurance Company, Third-Party Defendant-Respondent.

Cullen and Dykman LLP, Garden City (Jean-Pierre Van Lent of counsel), for appellants.
Marco Law, PLLC, Manhasset (George A. Marco of counsel), for respondents.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered September 27, 2022, awarding plaintiff Graciano Corporation damages against defendants, unanimously affirmed, without costs. Appeal from order (denominated a decision), same court and Justice, entered August 12, 2022, which, insofar as appealed from as limited by the briefs, after a nonjury trial, found in favor of Graciano on its cause of action for breach of contract and its cause of action for monies due under the terms of a payment bond, dismissed the counterclaim for breach of contract asserted by defendant Lanmark Group, Inc. and dismissed Lanmark's third-party complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In this breach of contract action, Graciano seeks to recover damages for breach of a subcontract between it and Lanmark, the general contractor on a project to restore a public school in Brooklyn. Under the terms of the subcontract, Graciano was to provide the masonry work for the project. The main issue at trial was whether Lanmark's issuance of "Addendum 3," which purported to "delete" certain work, constituted a "cardinal change" to the subcontract, or whether Graciano's election to treat the subcontract as abandoned constituted a breach.
After trial, Supreme Court properly found that Lanmark's issuance of Addendum No. 3 constituted a "cardinal change" — that is, a change that affected "the essential identity or main purpose of the contract, such that it constitutes a new undertaking" — and thus was an abandonment of the subcontract (Matter of Tutor Perini Corp. v City of N.Y. Off. of Admin. Trials & Hearings Contract Dispute Resolution Bd., 193 AD3d 665, 666 [1st Dept 2021], lv denied 38 NY3d 903 [2022] [internal quotation marks omitted]). Although the contract permitted Lanmark to "delete" or "modify" Graciano's scope of work, the evidence supported the court's finding that the extensive deletions to the scope of work set forth in Addendum No. 3 alter the essential identity of the contract (see id.; see also Del Balso Constr. Corp. v City of New York, 278 NY 154, 160 [1938]). Lanmark did not make these deletions out of necessity; on the contrary, Lanmark's corporate secretary conceded that Graciano was not in default, and that all of the deleted work remained outstanding and was ultimately performed by Lanmark's own workforce.
Despite defendants' position otherwise, this Court's decision on a prior appeal did not find as a matter of law that there was no cardinal change. Rather, this Court affirmed the dismissal of Graciano's quantum meruit claim solely based on the legal point that "a valid and enforceable written contract governed the subject matter at issue, and, therefore, recovery in quasi contract for events arising out of the same subject matter is precluded" (Graciano Corp. v Lanmark Group, Inc., 184 AD3d 435, 436 [1st Dept 2020], citing Parker Realty Group, Inc. v Petigny, 14 NY3d 864, 865-866 [2010]). Furthermore[*2], in specifically addressing the "cardinal change" issue, we found simply that Supreme Court had properly denied Lanmark's motion for summary judgment on its counterclaim for breach of contract, as "issues of fact exist[ed] as to whether Lanmark's issuance of Addendum No. 3 breach[ed] . . . a fundamental obligation of the contract, relieving [Graciano] from the effect of the no damages for delay clause" (Graciano Corp., 184 AD3d at 435 [internal quotation marks omitted]).
Supreme Court correctly declined to enforce the no-damages-for-delay clause based on its finding that Lanmark fundamentally breached its contractual obligations. Among other things, the court's fact findings, which were supported by abundant evidence, established that Lanmark failed to substantially fulfill its express contractual obligation to schedule and coordinate the work on the project, resulting in extensive work interruptions or delays (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]; Clifford R. Gray, Inc. v City School Dist. of Albany, 277 AD2d 843, 845 [3d Dept 2000]).
Supreme Court also properly rejected Lanmark's reliance on article 8.1 of the contract, which addresses change orders and requires strict compliance as a condition precedent to recovery by Graciano. With respect to Graciano's claim for recovery on an acceleration change order, the condition precedent in article 8.1 does not apply to that claim because the condition pertains to only notice of extra work and the acceleration change order was effectively a notice of delay (see Gemma Constr. Co. v City of New York, 246 AD2d 451, 456 [1st Dept 1998]). With respect to Graciano's claim regarding the proposed window kerf change order, Graciano's noncompliance with the condition precedent as to that change order is excusable because Lanmark effectively consented to operating outside of the subcontract's technical requirements as to that work (DeGraw Constr. Group, Inc. v HPDC2 Hous. Dev. Fund Co., Inc., 189 AD3d 405, 406 [1st Dept 2020]). Indeed, rather than denying the proposal, Lanmark restated Graciano's position when submitting the proposal to the New York City School Construction Authority, under whose auspices the restoration project was undertaken (see id. at 405; cf. Huff Enters. v Triborough Bridge & Tunnel Auth., 191 AD2d 314, 317 [1st Dept 1993], lv denied 82 NY2d 655 [1993]).
We reject defendants' contention that plaintiff failed to comply with the conditions precedent in articles 3.4 and 3.5. The language at issue in those articles — for example, a provision stating that Graciano's failure to provide timely notice of delays "MAY be sufficient cause" for Lanmark to deny a schedule change — did not express conditions precedent. In fact, the language in those articles is not conditional at all, much less unmistakably conditional (see VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 194-195 [1st Dept 2019]).
We have considered defendants' remaining arguments[*3], including that Supreme Court made certain errors in assessing damages, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023