ADRIANA DEVELOPMENT CORP. N.V., Appellant, v OTTO GASPAR, Respondent. (Action No. 1.)

OTTO GASPAR, Respondent, v ADRIANA DEVELOPMENT CORP. N.V. et al., Appellants, et al., Defendant. (Action No. 2.)

First Department, June 16, 1981

236

APPEARANCES OF COUNSEL

*David B. Howorth* of counsel *(Val A. Soupios* and *Robert M. Peak* with him on the brief; *Dewey, Ballantine, Bushby, Palmer & Wood,* attorneys), for appellants.

*Samuel J. Landau* of counsel *(Eisen & Fishman,* attorneys), for respondent.

OPINION OF THE COURT

SILVERMAN, J.

This consolidated action involves essentially a claim by Otto Gaspar, plaintiff in Action No. 2 *(Gaspar v Adriana Dev. Corp. N.V.)* and defendant in Action No. 1 *(Adriana Dev. Corp. N.V. v Gaspar)* to an interest in certain real property or to the stock of corporations owning that real property.

The appeals are from orders of Special Term denying the motion of plaintiff Adriana in Action No. 1 for summary judgment, and denying the motion of Adriana and certain other defendants in Action No. 2 to dismiss that action on various grounds.

Action No. 1 is an action to determine title to real property under RPAPL article 15. The real property involved is an office building at 300 East 42nd Street, in the Borough of Manhattan, City of New York. The real property was originally acquired early in 1977 by defendant Gaspar as agent for undisclosed principals (presumably Ingrid Graf and members of her family, and perhaps defendant Gaspar). However, by agreement of all parties the real property was transferred in 1977 to plaintiff Adriana

Development Corp. N.V., a corporation organized under the laws of the Netherlands Antilles, and authorized to do business in the State of New York. The stock of Adriana was in turn owned by Ross Investments Ltd., a Cayman Islands corporation, whose stock in turn was owned by Ingrid Graf. Adriana gave defendant Gaspar a power of attorney dated October 13, 1977 granting him powers to act for it with respect, among other things, to the sale, assignment or transfer of real property. However, disputes arose between the parties and Adriana revoked that power of attorney on May 28, 1979, and instead issued a new power of attorney to defendant Gaspar and one Zoltan Rajnay, an employee of the Graf family, as attorneys in fact, with limited administrative powers only. Defendant Gaspar explicitly approved this joint power of attorney. Almost a year later on March 31, 1980, defendant Gaspar acting alone executed and caused to be recorded a deed of the property from plaintiff Adriana to "OTTO GASPAR, Agent". Defendant Gaspar executed this deed purportedly as attorney in fact for Adriana. Defendant Gaspar had no legal power to execute this deed: (a) The power of attorney running to him individually had been revoked. Under the successor joint power of attorney, defendant Gaspar could not act alone, and in any event, that power of attorney did not include a power to transfer realty. (b) Even a general power to an agent does not include the power to convey his principal's property to himself. *(Wen Kroy Realty Co. v Public Nat. Bank & Trust Co. of N. Y.,* 260 NY 84, 90.) Accordingly, the deed should be declared void and should be expunged from the records of the City Register.

Defendant's answer in Action No. 1 contains a counterclaim which requests judgment determining that he is owner in fee of the property. However, it appears without dispute that the ownership of the real property was transferred to Adriana by consent of all parties, apparently at the initiative of defendant Gaspar, and no one suggests any impropriety about that branch of the transaction. That defendant Gaspar claims an interest in the stock of either Adriana or its parent corporation Ross Investments Ltd., in no way alters the ownership of the real property by Adriana. Accordingly, insofar as ownership or any interest

in the real property qua real property is concerned, defendant Gaspar has no valid claim thereto, and plaintiff's motion for summary judgment, in Action No. 1, should have been granted.

There remains the question, presented by Action No. 2, of whether Gaspar has a right or interest to some or all of the stock of either Adriana or Ross. Otto Gaspar is the plaintiff in Action No. 2. Defendants named in that action include Adriana Development Corp. N.V., Ross Investments Ltd., Ingrid Graf, and apparently two members of the Graf family, Gertraud Seibold and Brigitte Graf. In that action Gaspar claims a 20% interest in the real property and "in addition or in the alternative" 20% of the stock of Adriana and/or Ross.

An important and perhaps insuperable difficulty in Action No. 2 is that this court has no jurisdiction of the person of any of the individual defendants. The individual defendants have established by their own affidavits that they are not residents of New York; that they are not doing business in New York; that they own no property in New York; and that they have not been served with process in New York. No evidence has been submitted to the contrary. Accordingly, at least as to those defendants, the action must be dismissed insofar as it rests on jurisdiction of the person.

Clearly, the courts of New York have jurisdiction over the person as to Adriana, which is qualified to do business in New York. There is a serious question whether the New York courts have jurisdiction over the person as to defendant Ross Investments Ltd., whose only contact with New York is that it owns the stock of Adriana, which in turn owns real property in New York. In general the fact that a parent corporation owns all the stock of a subsidiary corporation which is doing business in a State does not in and of itself subject the parent corporation to jurisdiction of the person by that State. (Restatement, Conflict of Laws 2d, § 52, comment *b.*) But here we have a somewhat closer situation. Ross apparently has no assets or business other than the stock of Adriana; the directors of Adriana are Corporate Agents N.V. (apparently a corporate service company) and Mr. Mehnert, a Montreal notary who appears to have played a role in his professional capacity as

to most of the relevant documents; Mr. Mehnert is also a director of Ross; whether Ross has additional directors or officers is not clear. We are not prepared on the present proofs before us to say whether Ross' relationship to Adriana is such as to subject Ross to jurisdiction of the person by New York. However, in the light of the discussion which follows, it is unnecessary for us to determine that question at this time.

■ As we have said, Gaspar is not entitled to an interest in the realty as such. In our view the remaining dispute— as to his claimed interest in the stock of Ross (or Adriana) —should, under the doctrine of *forum non conveniens*, not be determined in the courts of New York. That doctrine has been codified in New York in CPLR 327 as follows:

"Rule 327. Inconvenient forum. When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action." We now discuss the considerations relevant to the application of that doctrine:

It would appear to us that at least as relates to an interest in the stock of Ross, the contacts with Germany far outweigh the relevant contacts with any other jurisdiction, and particularly with New York.

As to New York, it is clear that no agreements between the parties were made in New York. The only contact with New York is that that is where the real property is located. While, of course, ownership of real property should be determined by the court of the place where the real property is located, we have determined that ownership. We are concerned with an interest in stock. Primarily we are concerned with an interest in the stock of Ross Investments Ltd., a Cayman Island corporation not doing business in New York. Conceivably, we are concerned with an interest in the stock of Adriana, a Netherlands Antilles corporation; though there is really no dispute as to the propriety of placing the ownership of the stock of Adriana in Ross.

The dispute as to ownership of an interest in the stock of Ross is a dispute between Gaspar and Ingrid Graf (and perhaps other members of the Graf family). Without jurisdiction of the person as to Ingrid Graf (or perhaps at a minimum physical location of the certificates of stock in New York), the courts of New York cannot determine this dispute.

It is in Germany that this controversy centers. The real parties in interest are Gaspar and the Graf family. Gaspar and the members of the Graf family are all German nationals. Except for Ingrid Graf they all reside in Germany; Ingrid Graf resides in London. Gaspar is an attorney and tax advisor practicing in Germany. Presumably jurisdiction is readily available in Germany with respect to all these individuals, and the judgments of a German court will be readily enforceable as to them. The transaction arises out of moneys realized in Germany. Gaspar's claim is that the original agreement which gave rise to his rights was made at a meeting with the Grafs in Munich where it was agreed Gaspar should receive a 20% interest in the property. The financing for the purchase came from a loan from the Deutsche Bank, of which Gaspar says that he and his wife were joint obligors. Gaspar says he made his investment in part by applying certain fees due to him from the Graf family for representation, and in part by his undertaking to act as a codebtor under an agreement with the Deutsche Bank and by his repayment of a portion of the loan to the Deutsche Bank.

The transactions between the parties took place in the context of dealings between a German attorney-tax advisor residing in Germany and his clients, themselves also Germans, either residing in Germany or, in the case of Ingrid Graf, in London. We can expect a German court to be somewhat more familiar with that context and with the significance of the actions of the parties in that context than an American court.

The convenience of the parties also suggests the desirability that this litigation be pursued in Germany. That is where the parties can conveniently consult with the attorneys representing them in the lawsuit and appear and participate in any lawsuit. Although Ingrid Graf is a resi-

dent of London, she is a German national and has indeed brought a lawsuit in the German courts in connection with this very dispute. To have the litigation in New York would be quite inconvenient, particularly bearing in mind the New York rules of evidence which would require personal testimony with opportunity for cross-examination (all of which can be done by deposition but quite inconveniently). Presumably also the discussions between the parties were in German; and they can participate in the legal proceedings in Germany without the necessity for interpreters.

It is true that in Montreal, Quebec, Canada, Ingrid Graf executed a declaration of trust before the Canadian notary (a director of Adriana and Ross) declaring Gaspar to be the owner of 20% of the stock of Ross, and that declaration of trust is obviously the strongest and most direct support for Gaspar of an interest in the stock of Ross. In a sense, however, what took place in Canada was merely one step in implementing the over-all agreement of the parties; it is almost fortuitous that that step happened to take place in Canada.

As we have indicated, we are inclined with due respect to the view that Germany is the most appropriate jurisdiction. However, the German Landgericht has dismissed the action in Germany. Perhaps because of our unfamiliarity with German legal concepts and remedies and the necessity for working with translations, it is not entirely clear to us that this is a definitive rejection of jurisdiction by the German court. It appears that in part the dismissal is based on correctable procedural points, and in part it is based on doubts on the part of the German court as to whether its judgment would dispose of the dispute and be recognized in the other relevant jurisdictions, specifically in Canada and the Cayman Islands. However, those doubts to the extent that they are well founded would seem to apply equally to a New York judgment. Finally, the higher German court, the "Oberlandesgericht" has suspended the case in Germany in view of the proceedings pending in the New York courts "until a decision on the admissibility of the action filed by the defendant [Gaspar] in New York in the present case has been reached."

Action No. 2 also includes, as second and third causes of

action, a claim that defendants performed "certain acts," including the execution of a mortgage extension on the premises 300 East 42nd Street without Gaspar's consent; that as coattorney in fact Gaspar is entitled to an accounting of all business activities and all financial activities with respect to the property, and that, therefore, Gaspar asks for an injunction prohibiting the defendants from managing and directing the affairs of 300 East 42nd Street, and for an accounting permitting him to receive the books, records and documentation of 300 East 42nd Street and all moneys, etc., owing to him pursuant to said accounting. There is obviously no right in an attorney in fact to receive an accounting from his principal; the right flows in the other direction. Further, as Adriana owns the real property, no basis is shown as to why Gaspar's consent is necessary to a mortgage extension. Apart from the mortgage extension, the "certain acts" complained of are not specified. It seems clear that the second and third causes of action are at most merely incidental to the main dispute—the ownership of the Ross stock—and should be decided in the same forum as that main dispute.

In our view, as we have said, under the doctrine of *forum non conveniens* New York should reject jurisdiction of the action with respect to ownership of an interest in the Ross stock, in favor of the jurisdiction of the German court, and we accordingly reject jurisdiction of that action and dismiss it. However, Gaspar should not be left to wander around from court to court looking for a place where he can obtain jurisdiction and an adjudication on the merits, nor should limitations of time run against him while that is being determined. Accordingly, our determination, insofar as based on *forum non conveniens,* is conditioned on the appearance and submission to jurisdiction in the German court of all of the moving defendants in Action No. 2, and on a waiver of the Statute of Limitations insofar as it had not run before the institution of the action in New York.

We recognize the possibility that the German court may say that it too rejects jurisdiction. Accordingly, if the German court rejects jurisdiction, the parties may apply to the New York court for appropriate relief—though the question of jurisdiction of the person as to Ingrid Graf and the

other members of the Graf family may even then prove to be an insurmountable obstacle.

In *Adriana Dev. Corp. N. V. v Gaspar* (Action No. 1) the order of the Supreme Court, New York County (SUTTON, J.), entered December 8, 1980 denying plaintiff's motion for summary judgment should be reversed, on the law, and plaintiff's motion for summary judgment in Action No. 1 granted.

In *Gaspar v Adriana Dev. Corp. N.V.* (Action No. 2) the order of the Supreme Court, New York County (SUTTON, J.), entered December 8, 1980 denying defendants-appellants' motion to dismiss, and for other relief, should be modified, on the law and in the exercise of discretion, to the extent that (a) the motion of the individual defendants Ingrid and Brigitte Graf and Gertraud Seibold to dismiss the action as to them on the ground that the court has no jurisdiction of the person with respect to them is granted; and (b) Action No. 2 is dismissed as to the other defendants on the ground of *forum non conveniens* (CPLR 327) on condition that within 60 days after date of the order determining this appeal, the moving defendants shall serve and file a stipulation agreeing that if within one year after said order plaintiff institutes an action in an appropriate court of the German Federal Republic for the determination of the claims here asserted, or asserts such claims in the pending action in such court, said defendants will appear and submit to the jurisdiction of such German court in such action, and shall stipulate to waive any defense of the Statute of Limitations in such German action to the extent that the applicable Statute of Limitations had not yet expired prior to the institution of these actions in New York, and in the event such stipulation is not so furnished, the motion to dismiss shall be denied and the New York action shall not be dismissed; provided further that such dismissal shall be without prejudice to the prompt reinstitution of the action in New York in the event that the German court rejects jurisdiction; and the order is otherwise affirmed. Defendants-appellants shall recover one bill of costs.

Motions Nos. 1661 and 1702 to enlarge the record to include portions of the record in the German courts are granted without opposition.

KUPFERMAN, J. P., SULLIVAN, CARRO and LYNCH, JJ., concur.

Order, Supreme Court, New York County, in Action No. 1, entered on December 8, 1980, reversed, on the law, and plaintiff's motion for summary judgment granted.

Order, Supreme Court, New York County, in Action No. 2, entered on December 8, 1980, modified, on the law and in the exercise of discretion, to the extent that (a) the motion of the individual defendants Ingrid and Brigitte Graf and Gertraud Seibold to dismiss the action as to them on the ground that the court has no jurisdiction of the person with respect to them is granted; and (b) Action No. 2 is dismissed as to the other defendants on the ground of *forum non conveniens* (CPLR 327) on condition that within 60 days after the date of the order, with notice of entry thereon, the moving defendants serve and file a stipulation agreeing that if within one year after said order plaintiff institutes an action in an appropriate court of the German Federal Republic for the determination of the claims here asserted, or asserts such claims in the pending action in such court, said defendants will appear and submit to the jurisdiction of such German court in such action, and shall stipulate to waive any defense of the Statute of Limitations in such German action to the extent that the applicable Statute of Limitations had not yet expired prior to the institution of these actions in New York, and in the event such stipulation is not so furnished, the motion to dismiss is denied and the New York action is not dismissed; provided further that the dismissal is without prejudice to the prompt reinstitution of the action in New York in the event that the German court rejects jurisdiction; and the order is otherwise affirmed. Defendants-appellants shall recover of respondent, one bill of $75 costs and disbursements of these appeals.