■ WILLIAM G. MAY, JR., et al., Individually and as Partners of CANAL EAST COMPANY, Respondents, v JOHN FLOWERS et al., Appellants. — Order unanimously affirmed, without costs. Memorandum: We affirm the order granting partial summary judgment only on the ground that defendants breached their fiduciary duties as partners. Canal East Company was formed as a limited partnership by the defendant John A. Flowers, sole general partner, defendant Scott C. Arrington and the individual plaintiffs as limited partners for the purpose of constructing and operating a commercial real estate project known as "Packett's Landing". Fishers Development Company, a separate part-

nership in which the individual plaintiffs and defendant Arrington were general partners, purchased certain restaurant equipment and leased it to an anchor tenant at the project. As a condition thereof on January 25, 1983 the defendants executed a guarantee and pledge agreement which, *inter alia,* obligated them to guarantee the restauranteur's obligations to Fishers Development Company and as security therefor Arrington pledged his share of the distributions of Canal East Company and Flowers his interest in the partnership. Following the bankruptcy of the restauranteur with a consequent default under the equipment lease, defendants, who then possessed the equipment by virtue of an assignment, executed an agreement dated June 23, 1983 which extinguished the building lease and assigned the equipment lease to Canal East Company and under which it assumed defendants' guarantee and pledge obligations and which required it to indemnify them from their liabilities under the lease or guarantee and pay 18% interest on any claim asserted against them as the result of Canal East Company's default under the equipment lease. Flowers signed the agreement individually as an assignor and as a general partner of Canal East Company as assignee and Arrington signed as an assignor.

On August 3, 1983 plaintiffs commenced this action to rescind the June 23, 1983 agreement, expel defendants from the partnership, dissolve the partnership in its present form and for other relief. In our view, plaintiffs have demonstrated, as a matter of law, that the June 23 assignment to Canal East Company was a breach of fiduciary duty by the defendants Flowers and Arrington so "relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with [them]" (Partnership Law, § 63, subd 1, par [d]). This agreement, which was not signed by either plaintiff, not only assigned the equipment lease but also purported to require Canal East Company to indemnify defendants for their liabilities under the guarantees running to Fishers Development Company and constituted self-dealing by defendants in violation of their fiduciary obligations to plaintiffs (see, generally, *Meinhard v Salmon,* 249 NY 458, 464; *Matter of Brandt,* 81 AD2d 268, 273, 281; *E.H.A. Successor Corp. v Vogel,* 21 AD2d 176).

This conduct could be justified only "where a bona fide purpose indicates that the best interests of the [business] would be served by such [action]" (*Schwartz v Marien,* 37 NY2d 487, 492; *Gazda v Kolinski,* 91 AD2d 860, 861). Defendants' general allegations that there was a business reason to assign the

equipment lease to Canal East Company and that May consented in principle to the assignment do not justify the indemnification provisions of the agreement which were clearly detrimental to the Canal East partnership and favored defendants individually at plaintiffs' expense. It was a transparent attempt by defendants to save their interests in Canal East Company from passing over to Fishers Development Company (and thus in part to plaintiffs) by foisting part of their liability on the other limited partners. Special Term properly dissolved the partnership on plaintiffs' motion for summary judgment upon the ground that defendants had breached their fiduciary obligations to their partners (see 16 NY Jur 2d, Business Relationships, §§ 1460, 1461). In addition, the June 23 agreement was correctly set aside and declared invalid (see, e.g., *Adriana Dev. Corp. v Gaspar,* 81 AD2d 235, 237) and the other relief was properly granted. (Appeal from order of Supreme Court, Monroe County, Patlow, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., O'Donnell, Moule and Schnepp, JJ.