**In re VILLA WEST ASSOCIATES, Debtor.**

**Darcy D. WILLIAMSON, Plaintiff/Appellee,**

**v.**

**Fred C. KAY, Defendant & Third Party Plaintiff/Appellee,**

**v.**

**Leslie M. BURNS, et al., Third Party Defendants/Appellants.**

**No. 95–4089.**

United States District Court, D. Kansas.

March 4, 1996.

Robert J. Bjerg, Laurilyn A. Goettsch, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, MO, for third-party defendants/appellants John A. Alholm, L. Kenneth Hubbell, Thomas W. VanDyke, Don C. Freeburg, Bernard (NMI) Hainen, C. Thomas Hitchcock, Kirk W. Carpenter, H. Elvin Knight, Jr., Paul (NMN) Virden, James C. Brenneman, E. Jerome Hanson, Leslie M. Burns, Jerry (NMI) Warden, James L. Glasser and MN Associates.

Jan M. Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, for defendant and third party plaintiff/appellee Fred C. Kay.

James R. Hess, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, for third party defendants/appellees Donna Nally, Glenda Hainen, James C. Glasser.

Cynthia L. Reams, Weisenfels & Vaughn, P.C., Kansas City, MO, for third party defendant/appellee Douglas Kay.

Cynthia L. Reams, Weisenfels & Vaughn, P.C., Kansas City, MO, James R. Hess, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, for third party defendant/appellee Ann Kay.

Patricia A. Reeder, Bruce J. Woner, R. Patrick Riordan, Woner, Glenn, Reeder & Girard, Topeka, KS, for Darcy D. Williamson plaintiff/appellee.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This bankruptcy appeal involves a somewhat complicated factual and procedural scenario in the bankruptcy case of Villa West Associates ("Villa West"). The appeal arises from an adversary proceeding filed by the Chapter 7 Trustee, Darcy Williamson, to collect a deficiency judgment against Fred C. Kay under 11 U.S.C. § 723.

*FACTS*

The following facts are largely undisputed. They are taken from the briefs of the parties and the opinions issued previously in this matter.

Villa West was a Kansas limited partnership which was formed as the owner of the Villa West Shopping Center in Topeka, Kansas. The sole general partner of Villa West was Fred C. Kay. The limited partners were Fred C. Kay, his parents—Doug and Ann Kay, and 15 others. Fred Kay held a one-half unit limited partnership interest. Doug and Ann Kay collectively held one unit of the limited partnership interest. Each unit required a contribution of $20,000.

After Villa West started in August 1983, the shopping center was financed with a $2.3 million nonrecourse mortgage loan from the Travelers Insurance Company. Villa West also gave two notes in the amount of $300,000 and $225,000 to the Metro North State Bank. The latter note was for a letter of credit which was required as a condition of the loan from Travelers Insurance. Both notes provided that the bank could recover the costs of collection, including reasonable attorney's fees, if they were not paid at maturity. The notes were secured by the limited partners' continuing guarantees of 125% of their pro rata share of each note and by assignments into escrow of their partnership interests.

Villa West lost money throughout its existence. On November 9, 1987, Fred Kay made a call for additional capital from the limited partners. This call was not honored. Later Fred Kay made other calls for capital contributions. These also were not honored. Travelers Insurance filed suit to foreclose the property on March 10, 1988. On May 12, 1988, Villa West filed for bankruptcy protection under Chapter 11. On August 29, 1988, the letter of credit for $225,000 was drawn by Travelers. Consequently, the two notes to Metro North State Bank came due.

Unknown to Fred Kay and Doug and Ann Kay, on or around January 30, 1989, the other Villa West limited partners formed a Missouri general partnership called MN Associates. The purpose of MN Associates was to purchase the two notes and continuing guarantees from Metro North State Bank. In this way, the partners of MN Associates could avoid suit by the bank and take advantage of the provisions in the notes which permit recovery of attorneys' fees and costs of collection. Initially, none of the Kays were offered a chance to join MN Associates. MN Associates purchased the notes and the guarantees for $542,669.18.

On March 14, 1989, MN Associates made a written demand on Fred Kay as general partner of Villa West for the payment of the notes. Demand was also made on Doug and Ann Kay as limited partners for payment of the full 125% of their respective guarantee and for their pro rata share of attorneys' fees incurred in the formation of MN Associates and in acquisition of the notes.

Doug and Ann Kay asked to be permitted instead to pay their pro rata share of the liability on the notes and to share pro rata in any recovery from general partner Fred Kay. MN Associates responded that if Doug and Ann Kay would pay their pro rata share of the principal and accrued interest on the notes plus a pro rata share of MN Associates' legal fees, they would be entitled to receive their pro rata share of any money recovered from the bankruptcy estate except for: 1) money recovered in adversary proceedings for preferences or fraudulent transfers and 2) money MN Associates might recover from Fred Kay. At the time MN Associates had filed a state court lawsuit against Fred Kay for the recovery of attor-

ney fees and interest.[1] Doug and Ann Kay did not agree to this offer.

On June 2, 1989, Villa West's Chapter 11 bankruptcy was converted to a Chapter 7 proceeding. MN Associates filed a proof of claim, asserting the right to recover as unsecured claims the principal of the notes, post-petition interest, and costs, including attorneys' fees.

Upon determining that the bankruptcy estate did not have sufficient assets to pay the claims against it, the Chapter 7 Trustee filed this adversary proceeding against Fred Kay on September 15, 1989. The proceeding was brought under 11 U.S.C. § 723 which provides that if there is a deficiency of property of a partnership estate to pay all allowable claims, and if a general partner of the partnership is personally liable for the claims, the trustee shall have a claim against the general partner for the full amount of the deficiency.

In turn, Fred Kay filed a third-party complaint seeking indemnity and contribution from the limited partners of Villa West and also alleging that the limited partners were jointly liable. Doug and Ann Kay, as third-party defendants, then filed a cross-claim against the limited partners who formed MN Associates, alleging a breach of fiduciary duty by failing to offer Doug and Ann Kay a chance to join MN Associates. The partners of MN Associates filed a cross-claim for contribution against Doug and Ann Kay.

Prior to conducting a trial, the parties in the adversary proceeding stipulated that the bankruptcy estate had approximately $224,100 and claims against it totalled approximately $526,800. The precise amount of the deficiency was unknown. The claims against the estate did not include claims for post-petition interest or attorney fees.

Following a trial in the bankruptcy court, the bankruptcy judge held that: the Trustee was entitled to a deficiency judgment against Fred Kay in an undetermined amount; the limited partners were obligated to honor Fred Kay's calls for capital contributions and, therefore, the amount of MN Associates' claim would be offset by the additional capital the limited partners owed Villa West; and

the limited partners who formed MN Associates breached their fiduciary duty to Doug and Ann Kay and to Villa West which prevented MN Associates from collecting either interest or attorney fees.

MN Associates appealed this order to this court. Judge Crow of this court reversed the bankruptcy judge's ruling that the limited partners were obligated to make more capital contributions. In light of this ruling, Judge Crow remanded the case for further consideration of whether the limited partners who formed MN Associates violated a fiduciary duty to Doug and Ann Kay.

On October 13, 1993, the bankruptcy court issued a decision on the remanded case. The bankruptcy court decided that the limited partners who formed MN Associates did breach a fiduciary duty owed to Doug and Ann Kay by concealing from the Kays the creation of MN Associates and by seeking to shift some of their liability to the Kays by enforcing the Kays' 125 percent guarantee as limited partners of Villa West. The 125 percent guarantee was more than the Kays' pro rata share of the notes. In addition, the court determined that neither the Trustee nor MN Associates was entitled to recover attorney fees and costs or post-petition interest from the estate.

To remedy the breach of fiduciary duty, the bankruptcy court held that the limited partners who formed MN Associates should be barred from recovering the extra 25 percent from Doug and Ann Kay under their personal guarantees and that any recovery of post-petition interest, attorney fees and collection costs should also be barred. Additionally, the bankruptcy court held that Doug and Ann Kay should recover their attorney fees from the MN Associates partners. Under the bankruptcy court's ruling, Doug and Ann Kay remained liable for 100% of their pro rata share of Villa West's debts on the two notes, but they also had a claim against Villa West and Fred Kay which would allow them to participate in any recovery from the bankruptcy estate.

On March 8, 1995, the bankruptcy court issued a memorandum of decision on attor-

---

**1.** This lawsuit was later dismissed by MN Associates.

ney fees, which determined the amount of fees and expenses owed by the limited partners who formed MN Associates by reason of their breach of fiduciary duty to Doug and Ann Kay. The bankruptcy court granted fees in the amount of $27,068.75 and expenses in the amount of $627.27. The court also refused to order Doug and Ann Kay to pay a pro rata share of legal expenses Doug and Ann Kay would have had to pay if they had been permitted to participate in MN Associates.

On March 17, 1995, Doug and Ann Kay filed a motion to amend or make additional findings of fact in relation to the attorney fees order. The bankruptcy court filed an order making additional findings of fact on May 31, 1995. Thereafter, the Villa West limited partners who formed MN Associates filed this appeal on June 6, 1995. For convenience, the appellants may be referred to as "MN Associates" in parts of this opinion.

MN Associates raises three issues for review by this court:

1) Did the bankruptcy court err in finding that the limited partners of Villa West Associates who formed MN Associates breached a fiduciary duty to Douglas and Ann Kay?

2) Did the bankruptcy court err in determining the amount of damages owed to Douglas and Ann Kay for the breach of fiduciary duty committed by the MN Associates partners?

3) Did the bankruptcy court err in disallowing post-petition interest on the claim of MN Associates against the estate?

## SCOPE OF REVIEW

 We review the bankruptcy court's findings to determine whether they are clearly erroneous; however, legal determinations are subject to plenary review. *Turney v. FDIC*, 18 F.3d 865, 868 (10th Cir.1994). Mixed questions of fact and law involving primarily a consideration of legal principles are reviewed *de novo;* mixed questions involving primarily a consideration of facts are reviewed by a clearly erroneous standard. *In re Wes Dor Inc.*, 996 F.2d 237, 241 (10th Cir.1993). Legal conclusions drawn from facts are also reviewed *de novo*. *In re Golf Course Builders Leasing, Inc.*, 768 F.2d 1167, 1169 (10th Cir.1985).

## MOTION TO DISMISS

Before deciding the substantive issues on appeal, the court must first decide whether to consider two of them at all. The Trustee has filed a motion to dismiss the appeal of the first and third issues on the grounds that no final appealable judgment has been entered. This motion has been opposed by appellant MN Associates and appellees Fred C. Kay and Doug and Ann Kay. The motion is based on the provisions of 28 U.S.C. § 158(a). This statute provides that a district court shall have jurisdiction to hear appeals from final judgments, orders, and decrees and from interlocutory orders and decrees of bankruptcy judges.

The argument of the Trustee is that the Trustee's claim for a deficiency judgment has not been completely adjudicated because, although Fred C. Kay's liability has been established, a liquidated amount has not yet been determined. According to the Trustee, this means no final appealable order has been entered, which renders the instant appeal interlocutory. An interlocutory appeal must be made within ten days of the entry of the order. *In re American Freight System, Inc.*, 153 B.R. 316, 319 (D.Kan.1993). Since the first and third issues raised in the instant appeal arise from an order entered on October 13, 1993, the Trustee contends that the appeal of these issues must be dismissed as untimely. Finally, the Trustee notes that appellants have not asked for leave to bring an interlocutory appeal as required by FED. R.BANKR. 8003.

In response, MN Associates and the Kays contend that the bankruptcy court's order dated May 30, 1995 is a final order which renders all the issues in this appeal final and appealable. These parties assert that the amount of the deficiency judgment against Fred Kay cannot be calculated until the distribution of the estate and, until that time, the amount is unascertainable since the totals of administrative expenses and interest earned on the property of the estate are

unknown. They further contend that the act of determining the amount of the deficiency is merely mechanical or ministerial, and therefore the May 30, 1995 order should be treated as final.

The Trustee has replied that under the reasoning of the limited partners the October 13, 1993 order was final, except for the collateral issue of attorneys' fees and, therefore, this appeal is untimely. In support, the Trustee cites *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), where the Court held that postjudgment motions for attorney fees raised a collateral and independent claim which did not affect the finality of the decision on the merits.

■ We believe the motion to dismiss should be denied. The remaining tasks for the bankruptcy court in this adversary proceeding appear to be ministerial. The parties have not indicated that a significant dispute remains regarding the calculation of the deficiency judgment. Nor do they assert that significant judicial discretion will be applied in making the calculation. The Trustee has attached a letter as an exhibit which relates certain questions which remain. We have reviewed the letter but are not convinced that the matters listed there destroy the finality of the bankruptcy judge's order. The matters described in the letter appear at most to be collateral issues. Therefore, we believe a final order has been made for the purposes of 28 U.S.C. § 158(a). See *In re Jones*, 9 F.3d 878, 879–80 (10th Cir.1993) (applying above-mentioned factors to similar provisions of § 158(d)); *In re Wiston XXIV Limited Partnership*, 988 F.2d 1012, 1013 (10th Cir.1993) (same); *Lewis v. U.S. Farmers Home Administration*, 992 F.2d 767, 772 (8th Cir.1993) (same).

■ We further believe that the calculation of attorney fees due to Doug and Ann Kay was not a collateral issue. The calculation of the attorney fees was an integral part of the damages or equitable relief granted to Doug and Ann Kay on their cross-claim. The cross-claim was one of the multiple claims in the adversary proceeding. Therefore, the resolution of the claim by calculation of the relief to be granted was necessary for a final order and resolution of the multiple claims in this proceeding. It was not merely a mechanical or ministerial process. It involved a disputed application of judicial discretion. Therefore, we do not believe the order of October 13, 1993 was final. See *Maristuen v. National States Ins. Co.*, 57 F.3d 673 (8th Cir.1995) (distinguishing the *Budinich* line of cases); *Deus v. Allstate Ins. Co.*, 15 F.3d 506 (5th Cir.) *cert. denied*, —— U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994) (same); *Vargas v. Hudson County Board of Elections*, 949 F.2d 665 (3rd Cir. 1991) (same); *Justine Realty Co. v. American National Can Co.*, 945 F.2d 1044 (8th Cir.1991) (same). Instead, we find that appellants have made a timely appeal of a final order, and therefore we deny the Trustee's motion to dismiss.

## ISSUES RAISED ON APPEAL BY MN ASSOCIATES

■ The first issue raised on appeal is whether the limited partners who formed MN Associates breached a fiduciary duty to Doug and Ann Kay when they formed MN Associates without inviting Doug and Ann Kay to participate on equal terms. The bankruptcy court held that there was a breach of fiduciary duty because the partners of MN Associates: 1) concealed the creation of MN Associates from Doug and Ann Kay; and 2) sought to shift some of their liability to Doug and Ann Kay by attempting to enforce the 125 percent guarantee. The result of these actions, according to the court, was that Doug and Ann Kay were exposed to a potential 125 percent liability and they incurred attorney fees which they otherwise would not have incurred. If all of the Villa West limited partners had been included in MN Associates, then each would have paid only 100 percent of their pro rata share of Villa West's mortgage debt in order to buy the notes and mortgage. As it was without the participation of Doug and Ann Kay, the partners of MN Associates had to pay slightly more than 100 percent of their guarantees and sought to lessen their liability by enforcing the 125 percent guarantee of the Kays.

The bankruptcy court held that MN Associates' offer of participation to Doug and Ann

Kay was not sufficient to remedy the breach of fiduciary duty because it did not permit the Kays to participate in any recovery of preferences or fraudulent conveyances. We believe this holding must be reviewed *de novo*.

In the instant appeal, MN Associates takes issue with the bankruptcy court's decision by making the following arguments. First, MN Associates asserts that there is little or no case law which holds that a limited partner has a fiduciary duty to another limited partner. According to MN Associates, those cases which find a fiduciary duty are based upon additional factors, such as the limited partner's activity within the partnership, which are not present here.

Second, MN Associates contends that no fiduciary duty was violated by excluding Doug and Ann Kay from the partnership. The partners of MN Associates assert that they should be free to form a partnership with whomever they wish to have as partners and that they had good reasons not to invite the Kays to join MN Associates. These reasons were based on their adversarial relationship with Fred Kay. MN Associates wanted to maintain the confidentiality of its strategy (including any settlement posture) against Fred Kay and thought that Doug and Ann Kay would be uncomfortable on the opposite side of litigation with their son.

Finally, MN Associates claims that no breach of fiduciary duty occurred because Doug and Ann Kay were not asked to do anything other than what they were already committed to do when they became Villa West limited partners, i.e., pay 125 percent of their guaranteed share.[2]

In response, the Kays contend that limited partners owe to each other a detailed observance of honorable standards and that all facts and circumstances must be evaluated in deciding whether there has been adherence to these standards. In this instance, the Kays assert that the partners of MN Associates attempted to limit their losses at the expense of the Kays by acquiring the notes of the

Metro North State Bank and thereby the right to recover attorney fees and the right to proceed against the Kays for the full 125 percent of the Kays' guarantee. The Kays further argue that it was wrong to withhold the option to join MN Associates, and instead to decide for the Kays that they would be too uncomfortable in that confederation. Consequently, the Kays were placed in a position of paying more of their personal guarantee and incurring a claim for the attorney fees by MN Associates.

■■■■ We do not believe the limited partners who formed MN Associates breached a fiduciary duty to Doug and Ann Kay. A limited partner is like a shareholder in a corporation. *Klebanow v. New York Produce Exchange*, 344 F.2d 294, 297 (2nd Cir. 1965). A stockholder, even a dominant or majority stockholder, does not become a fiduciary to other stockholders "by reason of mere ownership of stock." *McDaniel v. Painter*, 418 F.2d 545, 547 (10th Cir.1969). A fiduciary responsibility develops only when the stockholder takes a role in corporate management and acts to dominate, interfere with or mislead other stockholders in exercising their rights. *Id.;* see also, *Harman v. Willbern*, 374 F.Supp. 1149, 1158 (D.Kan. 1974) *aff'd*, 520 F.2d 1333 (10th Cir.1975). No duty is violated, for example, by the confidential sale of stock for a premium price by corporate officers absent aggravating factors. *Id.;* see also, *Treadway Companies, Inc. v. Care Corp.*, 638 F.2d 357, 377 (2nd Cir.1980); *Ritchie v. McGrath*, 1 Kan.App.2d 481, 571 P.2d 17, 23–24 (1977). Even pooling some shareholders, but not others, in such a sale does not violate a duty. 571 P.2d at 24.

If a shareholder may take advantage of a premium price for his stock without advising other shareholders in advance of the sale, we believe a limited partner may take advantage of an opportunity to reduce his liability upon a guarantee without advising other limited partners of the possibility. Of course, in this case the limited partners of MN Associates not only formed their limited partnership

---

2. MN Associates also appears to argue that the Kays were invited to join MN Associates on the same terms as the other limited partners. However, this does not appear to be the case. The Kays were not offered a share of any recovery of preferences or fraudulent conveyances from Fred Kay.

without notice to Doug and Ann Kay, but they also came back against Doug and Ann Kay by calling upon the Kays' guarantee of 125 percent of their unit price. However, this action was not taken as an officer or manager of Villa West. Rather, this action was taken as a creditor of Villa West. Furthermore, there is no claim of fraud or misrepresentation in this case. Therefore, we do not believe a fiduciary duty was broken by the actions of the limited partners who formed MN Associates.

The contrary cases cited by the bankruptcy court involve limited partners who acted: as a general partner; in concert with a general partner; or in a role, like that of an attorney, which required the application of a strong fiduciary duty. The additional authority cited by counsel for the Kays either did not involve limited partners or violations of a fiduciary duty by limited partners.[3] Therefore, we find these cases distinguishable from the case at bar.

For the above-stated reasons, we reverse the bankruptcy court's ruling that the limited partners who formed MN Associates breached a fiduciary duty to Doug and Ann Kay. This holding makes a decision upon MN Associates' second issue unnecessary. Therefore, we proceed to consider the last issue raised by MN Associates.

■ The last issue raised in this bankruptcy appeal is whether the bankruptcy court erred by denying MN Associates' claim for post-petition interest from the bankruptcy estate. We believe the analysis of the bankruptcy court was correct on this issue.

MN Associates' counsel has cited several cases for the proposition that post-petition interest can be distributed from a solvent bankruptcy estate under 11 U.S.C. § 726(a)(5). Counsel then straps this proposition to the Code's definition of "insolvent" as applicable to a partnership, which is found at 11 U.S.C. § 101(32)(B). This definition adds the property of each general partner with the partnership's property before subtracting partnership debts to determine whether the partnership is "insolvent." MN Associates claims that the bankruptcy estate in this case is solvent if one adds the general partner's property to the partnership's property. Hence, MN Associates asks for post-petition interest from the estate.

In making this analysis, MN Associates does not attempt to reconcile its approach with the deficiency judgment which will be entered in this case. This judgment was based on a finding that the estate's assets did not exceed its debts. Furthermore, the judgment only permits the Trustee to recover from the general partner an amount which does not exceed the amount of allowed claims against the estate. § 723(a). These claims take priority over the payment of post-petition interest under § 726, the statute upon which MN Associates relies. Therefore, there cannot be an amount left over to pay post-petition interest.

We agree with the bankruptcy court that the definition section relied upon by MN Associates must not be applied to § 726 because § 726 does not use the term "solvent" or "insolvent." As the bankruptcy court stated, other courts have employed "solvent"

---

3. The bankruptcy court cited the following cases: *Tri–Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg,* 216 Cal.App.3d 1139, 265 Cal.Rptr. 330, 335–6 (1989) (limited partner who also was attorney for persons in limited partnership may have breached fiduciary duty by using information obtained as a limited partner to help his law firm buy property limited partnership wished to purchase); *May v. Flowers,* 106 A.D.2d 873, 483 N.Y.S.2d 551 (1984) (limited partner and general partner breached fiduciary duty by assigning an equipment lease in default to limited partnership and having limited partnership assume the guarantee and pledge obligations of the limited partner and general partner); and *Van Limburg Stirum v. Whalen,* 1993 WL 241464 (N.D.N.Y.1993) (commingling and conversion of

partnerships' funds violated the fiduciary duty of entity acting as a general partner in one partnership and a limited partner in other partnerships). Counsel for the Kays cited the *May* case in addition to the following cases: *Waite v. Sylvester,* 131 N.H. 663, 560 A.2d 619, 622–23 (1989) (limited partners did not violate fiduciary duty by voting to remove general partner); *Maykus v. First City Realty and Financial Corp.,* 518 S.W.2d 887, 892 (Tex.Civ.App.1974) (speaking generally of the duties of partners and joint venturers); *Obert v. Environmental Research and Development Corp.,* 112 Wash.2d 323, 771 P.2d 340, 349 (1989) (majority of limited partners did not violate fiduciary duty by voting to replace general partner without holding a meeting or notifying general partner or remaining limited partners).

or "insolvent" in ordinary conversation when discussing § 726. MN Associates cites some of these cases. However, the estates at issue in those cases did not include the property of a general partner. We do not accept MN Associates' claim that the property of the general partner must be included with the property of the debtor partnership in calculating the bankruptcy estate under § 726. So, we affirm the bankruptcy court upon its denial of the claim for post-petition interest.

CONCLUSION

In conclusion, the court denies the motion to dismiss of the Trustee. The court further affirms the decision of the bankruptcy court denying MN Associates' claim for post-petition interest and reverses the decision of the bankruptcy court that the partners of MN Associates violated a fiduciary duty to Doug and Ann Kay. This case is remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**