■ RONALD J. DRUCKER et al., Appellants-Respondents, v MIGE ASSOCIATES II et al., Defendants, and JON C. MEADOW, Respondent-Appellant. [639 NYS2d 365]

A partner has a fiduciary obligation to the other partners (*Birnbaum v Birnbaum*, 73 NY2d 461, 465). As the Court of Appeals stated therein, "it is elemental that a fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect (*e.g., Meinhard v Salmon* [249 NY], *supra,* at 463-464; *Matter of Rothko,* 43 NY2d 305, 319). This is a sensitive and 'inflexible' rule of fidelity, barring not only blatant self-dealing, but also requiring avoidance of situations in which a fiduciary's personal interest possibly conflicts with the interest of those owed a fiduciary duty" (*supra,* at 466). The fiduciary is, therefore, mandated to "single-mindedly pursue the interests of those to whom a duty of loyalty is owed" (*Birnbaum v Birnbaum, supra,* at 466).

Here, the preponderance of the credible evidence more than amply supports the trial court's determination that defendant Jon C. Meadow breached his fiduciary responsibility to the general and limited partners of Mige Associates II. Meadow effectively derailed the profitable conversion of the partnership's building into a cooperative apartment through his unwarranted demands that, if met, would have resulted in him receiving an amount of money in excess of what the other general partners were going to obtain and would have reduced the amount that was left over for the limited partners. Meadow's conduct was neither economically nor otherwise justified and can only fairly be viewed as an attempt to use the voting provisions of the partnership agreement for personal gain in contravention of the fundamental implied covenant of good faith and fair dealing governing the partners' fiduciary obligations to one another, and as a threat of irreparable harm to his own as well as plaintiffs' partnership interests (*Wilf v Halpern*, 194 AD2d 508, *lv dismissed* 82 NY2d 846).

Notwithstanding Meadow's breach of his fiduciary duty, the trial court properly refused to award any damages to plaintiffs on the ground that they did not adequately prove the extent of their financial injury. While we recognize that the loss of future profits is often incapable of determination with mathematical precision, here plaintiffs failed to sufficiently establish at trial that the partnership would have netted, as claimed, between $2.5 and $3.35 million. The proof at trial was devoid of the kind of expert financial testimony or other evidence that would

permit us to say that such an award was "based upon known reliable factors without undue speculation" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403; *see also, Hirschfeld v IC Sec.*, 132 AD2d 332, 336, *lv dismissed* 72 NY2d 841; *Cristallina S. A. v Christie, Manson & Woods Intl.*, 117 AD2d 284, 295).

We agree with plaintiffs, however, that Meadow should not have been awarded any management fees and insurance commissions. The record makes clear that Meadow was completely uninvolved in Mige and his purported exposure, as a general partner, to the partnership's legal liabilities, as well as the arrangement made between the original partners, is an insufficient basis upon which to make this award given the circumstances of his conduct that resulted in the partnership being forced to forgo its efforts to convert the building to cooperative ownership.

Finally, the continuation of this partnership as currently constituted is untenable. When, as here, a partner's breach of his fiduciary responsibility has rendered the partnership an entity that is no longer viable, a court may take remedial action such as discharging a partner or liquidating the partnership (*see, e.g., Weckstein v Breitbart*, 154 AD2d 305; *May v Flowers*, 106 AD2d 873, *lv dismissed* 65 NY2d 637; *Miltland Raleigh-Durham v Myers*, 807 F Supp 1025 [SD NY]; *Curley v Brignoli Curley & Roberts Assocs.*, 746 F Supp 1208 [SD NY], *affd* 915 F2d 81, *cert denied* 499 US 955). Although, as already stated, we agree with the trial court that the amount of financial harm caused to the partnership by Meadow was not sufficiently proved at trial, it should be emphasized that the record here overwhelmingly supports a finding that the partnership was forced, due to his conduct, to abandon a conversion of its primary asset to cooperative ownership at a time when it might have netted substantial profits. Furthermore, the acrimony among the partners is, in our view, due to Meadow's unjustifiable intransigence which can only be explained by a desire to maximize his personal gain in complete derogation of his fiduciary responsibilities to his general and limited partners. Accordingly, while the court ordered removal of a partner or judicial dissolution of a partnership are rarely invoked remedies, the totality of the circumstances lead us to conclude that the interests of the partnership would be best served by Meadow's removal as a general partner and that the equities here dictate that such removal be without past, present and future compensation.

We have considered the contentions raised in Meadow's cross appeal and find them to be without merit. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.