■ NWM Capital, LLC, Appellant-Respondent, v Mark Scharfman et al., Respondents-Appellants, et al., Defendants. [41 NYS3d 471]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about October 6, 2015, which denied defendants-respondents-appellants' (defendants) pre-answer motion to dismiss the complaint, unanimously modified, on the law, to grant the motion to the extent of dismissing plaintiff's accounting claim, and the complaint as against defendants Mark Scharfman, Lou Malone, 20 Magaw Apts, Inc., 255 Tenants Corp., 270 Fort Washington Ave. Corp., 280 Fort Washington Ave. Corp., Beach Lane Management, Inc., BLM, Inc., Eskimo Lending Company, Inc., and the Scharfman Organization (collectively the nonsignatory defendants), and otherwise affirmed, without costs. Order, same court and Justice, entered January 27, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on its breach of contract claims involving mortgage proceeds,

Beach Lane, and fiduciary compensation; denied plaintiff's motion for partial summary judgment removing the general partners of the four limited partnership defendants; granted defendants' cross motion for summary judgment dismissing the breach of contract claims involving fiduciary compensation, mortgage proceeds, and K-1 tax forms; and denied defendants' cross motion to disqualify plaintiff from serving as a derivative plaintiff, unanimously affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against the nonsignatory defendants.

Plaintiff failed to state a cause of action for an accounting, given the lack of any allegations that a demand for an accounting was refused (*see Kaufman v Cohen*, 307 AD2d 113, 124 [1st Dept 2003]).

A contract action cannot be maintained against the nonsignatory defendants, since they are not signatories to the partnership agreements at issue (*see Brainstorms Internet Mktg. v USA Networks*, 6 AD3d 318, 318 [1st Dept 2004]). The allegations of disgorgement do not preclude dismissal of the action against them, since disgorgement in this context is a remedy, not a cause of action (*see Access Point Med., LLC v Mandell*, 106 AD3d 40, 43-44 [1st Dept 2013]).

The motion court correctly dismissed plaintiff's fiduciary compensation claim, since the plain, unambiguous language of the partnership agreements provide for a 35% interest in the distributions and profits to the general partners. We find no conflict between the provisions granting the general partners a 35% interest in the partnerships and section 6.3 of the agreements, which merely allows the general partners to enter into contracts with related parties under terms that are "reasonable and fair" to the partnerships.

The mortgage proceeds claim is time-barred by the six-year statute of limitations applicable to breach of contract actions (*see* CPLR 213 [2]; *Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d 765, 770 [2012]). The two-year fraud discovery rule (*see* CPLR 213 [8]; *Sargiss v Magarelli*, 12 NY3d 527, 532 [2009]) is inapplicable since the claim is one for breach of contract, not fraud (*see ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc.*, 25 NY3d 581, 594 [2015]).

The motion court correctly dismissed the claim regarding defendants' alleged failure to deliver K-1 tax forms to the limited partners before April 15, since there is no law, rule, or provision in the partnership agreements requiring delivery of the K-1 tax forms before that date (*see* 26 CFR 1.6031[b]-1T [b]).

Plaintiff is not entitled to summary judgment on its Beach Lane claim, since it failed to make a prima facie showing that the management fees of over $300,000 paid to Beach Lane in 2014 were excessive, unfair, or unreasonable. As noted, section 6.3 of the partnership agreements authorize general partners to enter into contracts with related parties under terms that are "reasonable and fair" to the partnerships. They further provide that the fees charged under those contracts cannot be "in excess of those customarily charged for similar services . . . in the same locale." In support of its argument that the management fees were excessive, plaintiff relies on the affidavit of its attorney and manager, who states that plaintiff would be willing to serve as the managing agent for a fee of $100,000. However, counsel's assertion falls far short of evidence of the fees "customarily charged" by managing agents in New York City. Even if plaintiff had met its prima facie burden, defendants raised an issue of fact by submitting the affidavit of Scharfman, who states that the fees paid to Beach Lane are on the low end of what is customarily charged in New York City.

The motion court properly denied plaintiff's request to remove the general partners and replace plaintiff, a limited partner, as general partner. Removal of a partner is a "rarely invoked" remedy (*Drucker v Mige Assoc. II*, 225 AD2d 427, 429 [1st Dept 1996], *lv denied* 88 NY2d 807 [1996]), and plaintiff failed to demonstrate that "removal is necessary to preserve the partnership" (*Garber v Stevens*, 2012 WL 2091186 [Sup Ct, NY County, June 6, 2012, No. 601917/05]). Eight of the limited partners submitted affidavits stating, among other things, that they do not support plaintiff's request, and that they have always been, and continue to be, completely satisfied with the management of the partnerships and the profits that have been generated.

Defendants' cross motion to disqualify plaintiff as a derivative plaintiff was properly denied, since they failed to show "a substantial likelihood that the derivative action is not being maintained for the benefit of the [limited partners]" (*Barmash v Perlman*, 40 Misc 3d 1231[A], 2013 NY Slip Op 51359[U], *5 [Sup Ct, NY County 2013] [internal quotation marks omitted]).

We have considered the appealing parties' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels and Webber, JJ.