■ J & K PLUMBING AND HEATING COMPANY, INC., Appellant, v STATE OF NEW YORK, Respondent. [652 NYS2d 369] —Yesawich Jr., J. Appeal from a judgment of the Court of Claims (Benza, J.), entered September 12, 1995, upon a decision of the court in favor of claimant.

This suit was brought to recover damages for additional work required to be performed on a construction contract. Claimant was the primary plumbing contractor for the construction of a new State prison in Woodbourne, Sullivan County. During the project, several occurrences resulted in claimant and its excavation subcontractor, Louis Picciano Senior Corporation (hereinafter Picciano)[1], having to do more work, and incur additional expenses, above those contemplated in their original contracts. The primary claim, referred to by the parties as the "pipe-in-rock" claim, arises from the State's action in having claimant remove additional rock from trenches in which pipe was to be laid, after work had already commenced—and in some cases been completed—on those trenches. In addition, claimant also maintains that it is entitled to recover for damages incurred as a result of the State's issuance of a change order allowing another contractor to use coarser types of fill than had been initially specified in certain areas. That change made claimant's and Picciano's work in those areas more difficult and time consuming. This claim is referred to as the "soils claim".[2]

---

1. Picciano also served as the general contractor for the project.

2. A third claim, the "kitchen claim", is not at issue here, as claimant received the full measure of damages it requested with respect to that claim.

Claimant was awarded summary judgment on the issue of liability for the pipe-in-rock claim and, after a trial, the Court of Claims found the damages sustained in connection with that claim to be $181,537. No award was made for the soils claim, however, because claimant's failure to furnish prompt written notice of that claim, as required by its contract, was found to preclude any recovery thereon. In addition, the court found that Picciano had already been fully reimbursed for the same expenses that formed the basis of claimant's request. Dissatisfied with the court's disposition of these two aspects of its claim, claimant appeals.

We affirm. With regard to the pipe-in-rock claim, claimant does not advance any particular ground for rejecting the Court of Claims' assessment of damages, or the evidence or methodology upon which that assessment—which appears to be soundly arrived at—is based; rather, claimant merely continues to urge, as it did at trial, that it should have been awarded over $900,000 in damages on this claim, as attested to by its expert, James Gould. The court expressly found Gould's testimony unworthy of belief in many respects, however, and chose to rely instead on the documentary evidence, including records of the actual blasts, and other proof. Given the Court of Claims' superior position from which to evaluate witness credibility and demeanor (see, Saulpaugh v State of New York, 132 AD2d 781, 782; Anthony Wasilkowski, M.D., P. C. v Amsterdam Mem. Hosp., 109 AD2d 986, 988), we cannot say that the court's decision to disregard Gould's testimony was erroneous. The many inconsistencies in his testimony furnish ample basis for the court to doubt its probity. And, since claimant has not otherwise contested the basis for the court's computation of damages on that claim, or shown how its findings and conclusions are against the weight of the evidence or contrary to law, there is no reason to disturb them (see, Vizzari v State of New York, 184 AD2d 564).

Claimant's other arguments are equally meritless. Although the evidence discloses that the State did agree to pay acceleration costs (i.e., costs, such as those for overtime or resulting from inefficiencies, occasioned by the need to perform additional work within the original contract period) resulting from the pipe-in-rock change, it was nevertheless incumbent upon claimant to demonstrate that it had actually incurred such costs (see, Berley Indus. v City of New York, 45 NY2d 683, 686-687). In view of the fact, as found by the Court of Claims, that the problem surfaced early in the project and involved a comparatively small portion of the contract work, the court was not unjustified in rejecting Gould's method of calculating

the acceleration damages, whereby he simply took 30% of the total labor cost, as wholly speculative (*cf.*, *Drucker v Mige Assocs. II*, 225 AD2d 427, 428-429, *lv denied* 88 NY2d 807).

Apropos of the soils claim, we find no fault with the Court of Claims' findings that the notice provisions of the contract applied to that claim, that the requisite written notice was not provided by claimant, and that such failure was not, in this case, excused by any wrongful conduct on the part of the State (*cf.*, *Naclerio Contr. Co. v Environmental Protection Admin.*, 113 AD2d 707, 710, *appeal dismissed* 66 NY2d 915).

The remaining issues raised by claimant have been considered and found unpersuasive.

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.