■ CLIFFORD R. GRAY, INC., Appellant, v STATE OF NEW YORK, Respondent. [674 NYS2d 440] —Carpinello, J. Appeals (1) from a judgment of the Court of Claims (King, J.), entered May 29, 1997, upon a decision of the court in favor of claimant, and (2) from an order of said court, entered September 19, 1997, which denied claimant's motion to modify the judgment as inadequate.

---

Claimant was the prime electrical contractor on a project undertaken by the State Office of General Services (hereinafter OGS) for the construction of a mental health treatment unit at Great Meadow Correctional Facility in Washington County. The $1,125,800 contract was signed on July 30, 1990, with a proposed completion date of September 25, 1991. However, due to delays caused by, *inter alia*, the State and other contractors involved with the project, work was not completed until June 1992 (with OGS acknowledging physical completion of the project in August 1992). The parties stipulated that the total paid by the State to claimant was $1,132,872.45. The actual job costs totaled $1,026,417.74, which provided claimant with a profit and overhead totaling 10.37% before any compensation for the delay.

Prior to commencing this action, claimant notified OGS that it was owed an additional $62,979.86 for job costs caused by the delay. In July 1992, claimant filed a notice of claim seeking damages as high as $123,779 based on five causes of action. The first two causes of action were based on alternative "total cost" theories (actual costs and quantum meruit). The third and fourth causes of action concerned claims for inefficiencies and additional overhead and supervision. The fifth cause of action was for the amount retained from the contract price, which, at trial, the parties stipulated to be $500. Claimant subsequently amended its claim seeking increased damages as high as $311,193.

Following a trial, the Court of Claims awarded damages to claimant in the amount of $24,964.62. This figure was based on its finding that claimant was 25% responsible for the delays while the State was 75% responsible,[1] and on its calculation of a profit of 10.37% based on claimant's profit margin for the main project. Claimant moved pursuant to CPLR 4404 (b) for an upward modification of the award and the Court of Claims denied the motion. Claimant now appeals both the judgment and the order denying its motion for an increase in the award.

We affirm. It is well settled that in calculating contract damages due to delays "[a] contractor wrongfully delayed by its employer must establish the extent to which its costs were increased by the improper acts because its recovery will be limited to damages actually sustained" (*Berley Indus. v City of New York*, 45 NY2d 683, 687; *see, J & K Plumbing & Heating Co. v State of New York*, 235 AD2d 751, 752). While it is true that a claimant may "recover damages measured on a *quantum*

---

1. Claimant does not dispute on appeal the allocation of responsibility for the delay.

*meruit* basis: to wit, actual job cost plus allowance for * * * overhead and profit minus * * * amounts * * * paid for the work performed" (*Whitmyer Bros. v State of New York*, 47 NY2d 960, 962 [emphasis in original]), damages are limited to awards based upon "a definite and logical connection between what is proven and the damages sought to be recovered" (*Mid-State Precast Sys. v Corbetta Constr. Co.*, 202 AD2d 702, 704, *lvs dismissed* 84 NY2d 923, 86 NY2d 855) and cannot be speculative or conjectural (*see, Berley Indus. v City of New York, supra,* at 687).

Here, claimant presented two alternative damage theories at trial: one using a total cost approach and the other based on an inefficient labor and overhead theory. Both of these calculations included a figure for home office overhead, which claimant calculated to be 27.9% for the total cost method and 20.9% for the inefficiency plus overhead method. However, we agree with the Court of Claims that neither percentage had a "realistic basis" given the proof as to this particular contract. Specifically, in arriving at its home office overhead calculation, claimant repeatedly relied on company-wide figures rather than using the percentages related to actual costs for this particular job which were proven at trial. The figures utilized by claimant were not in the initial contract and were certainly not contemplated by either of the parties at the inception of the agreement.

Claimant also takes issue with the Court of Claims' rejection of its calculation of labor inefficiency costs. However, there is no evidence in this case that claimant's labor costs for the project exceeded actual payments for these costs, nor is there proof that any subcontractors received additional payments due to the delay. Furthermore, claimant's labor inefficiency calculations includes a 33⅓% inefficiency factor for the entire labor force over the life of the project even though, at most, the proof supported a finding of minimal diminished labor efficiency and then only during the winter months.

In any event, the fact remains that claimant has failed to establish that the figures utilized by the Court of Claims are flawed. Instead, we find that the Court of Claims was within its discretion by calculating claimant's damages based on claimant's actual expenses using, *inter alia*, claimant's detailed February 1992 claim for additional compensation as a guideline[2] and correctly factored in profit and overhead based on similar figures under the contract. Accordingly, we find no reason to disturb the Court of Claims' damage award.

---

2. The trial evidence established that claimant's work was substantially complete by mid-January.

Claimant's remaining arguments have been examined and found to be unpersuasive. We find no reason to disturb the Court of Claims' award of prejudgment interest from the date on which the contract was accepted by the State (*see, Yonkers Contr. Co. v New York State Thruway Auth.*, 25 NY2d 1, 6).

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the judgment and order are affirmed, without costs.