SUMMARY ORDER
E.E. Cruz, NAB Construction Corporation, Frontier-Kemper Construction, Inc., AETNA Casualty & Surety Company, and Travelers Casualty and Surety Company, appeal from a judgment of the United States District Court for the Southern District of New York. To the extent not discussed below, we assume the parties’ and counsel’s familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
On March 18, 1998, contractors E.E. Cruz, Nab Construction Corporation, and Frontier Kemper Construction, Inc., (collectively, the “Joint Venture”) executed a subcontract with Bauer of America Corporation, predecessor in interest to Coastal Caisson Corporation, (collectively “Coastal”) to build a large caisson and jet grout retaining wall, known as an Earth Support System (“ESS”), around a construction site in Flushing, Queens. Pursuant to the agreement, the Joint Venture was to provide labor, equipment, materials, and certain other services to aid the subcontractor’s work. The parties were soon mired in various disputes related to the contract. Litigation, two arbitrations, and this appeal followed.
On June 24, 2005, an arbitral panel from the American Arbitration Association awarded Coastal $791,731.27 in damages. Thereafter, Coastal petitioned the district court to vacate the award in part and confirm in part. The Joint Venture petitioned the district court to modify the award for a material miscalculation. The district court consolidated the two petitions. By Oral Decision of October 14, 2005, the court granted Coastal’s petition to vacate the award on the basis that the arbitral panel had manifestly disregarded New York law and denied the Joint Venture’s petition as moot. Transcript of Bench Opinion, Coastal Caisson Corp. v. E.E. Cruz & Co., Inc., NAB, No. 05 Civ. 7462 (S.D.N.Y. Oct. 14, 2005) (“Bench Opinion”).
Thereafter, by decision dated April 13, 2007, the arbitral panel, with one member dissenting, awarded Coastal an additional $1,197,735.67 in damages, for a total award of $1,989,466.94. The panel declined to award pre-judgment interest. The dissenting panel member, by separate opinion, concluded that the district court had improperly vacated the June 2005 award. Thereafter, Coastal petitioned the court to confirm the April 2007 award but amend it to award prejudgment interest. The Joint Venture petitioned the district court to vacate the April 2007 award and confirm the June 2005 award, with modifications.
By written opinion dated August 10, 2007, the district court confirmed the April 2007 award in its entirety and denied Coastal’s motion for prejudgment interest. Coastal Caisson Corp. v. E.E. Cruz/NAB/Frontier-Kemper, Nos. 05 Civ. 7462, 7466, 2007 WL 2285936, 2007 U.S. Dist. LEXIS 58114 (S.D.N.Y. Aug. 10, 2007).
On appeal, the Joint Venture urges us to vacate the April 2007 award and confirm the June 2005 award after correcting it for a material miscalculation. Coastal cross-appeals asking us to confirm the April 2007 award, with the addition of interest.
*719 “When a party challenges the district court’s review of an arbitral award under the manifest disregard standard, we review the district court’s application of the standard de novo.” Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir.2004) (internal quotation marks omitted).
In light of intervening precedent, see Stolt-Nielsen SA v. AnimalFeeds Int’l Corp., 548 F.3d 85 (2d Cir.2008), cert. granted on other grounds, — U.S.-, 129 S.Ct. 2793, 174 L.Ed.2d 289 (2009), it has become clear that the district court erred in vacating the first award for “manifest disregard” of New York law. We will vacate for manifest disregard of the law only where “the arbitrator knew of the relevant [legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it.” Id. at 95 (internal quotation marks omitted); see also id. at 93 (“[W]e look to a subjective element, that is, the knowledge actually possessed by the arbitrators” to see whether the arbitrators “intentionally disregarded] the law.” (internal quotation marks omitted)); Wallace, 378 F.3d at 190 (vacatur for manifest disregard appropriate “only if a reviewing court ... find[s] ... that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.” (internal quotation marks omitted, alteration in original)).
Here, the district court vacated the June 2005 arbitral award based on the arbitrators’ purported refusal to apply New York’s total cost method of calculating damages. A review of the award indicates, however, that the arbitrators did not ignore New York law in this regard. They specifically embraced the total cost method of damages, explicitly rejecting the Joint Venture’s argument that New York’s total cost method should not apply, concluding that the panel “cannot ignore the numerous New York cases that have found circumstances appropriate to apply it.” Coastal Caisson Corp. v. E.E. Cruz/NAB/Frontier-Kemper, No. 13 Y 110 00384 03, Slip Op. at 7 (Am. Arbitration Ass’n June 24, 2005).
The arbitration panel ruled “as a matter of law [that] a total cost claim can[] be maintained” in such a circumstance, noting that “[w]e believe that the cases teach that whether or not such damages are available in a given case is a factual question dependent on the nature and quality of the proof presented, particularly on the issue of causation.” Id. (emphasis added). The “fundamental question,” according to the arbitrators, was whether “the factual record made by Bauer in this case supported] [its] claim for total cost damages?” Id.
The arbitrators then concluded that Bauer’s claim of delay was, “if not invented, at least greatly inflated.” Id. at 11. Bauer failed to produce records of delay, and where Bauer did submit evidence of delay, its calculations were inaccurate and unreliable. Id. at 12-13. Moreover, Bauer failed to prove what factors actually harmed it. Id. at 14-15. Because Bauer did not submit adequate proof as to what delay, if any, it suffered, the arbitrators held that determining costs attributable to the alleged delay was impossible.
This was not an improper application of New York law:
It is well settled that in calculating contract damages due to delays “[a] contractor wrongfully delayed by its employer must establish the extent to which its costs were increased by the improper acts because its recovery will be limited to damages actually sustained.” ... [D]amages are limited to awards based upon “a definite and logi *720 cal connection between what is proven and the damages sought to be recovered” and cannot be speculative or conjectural.
Clifford R. Gray Inc. v. State, 251 A.D.2d 728, 674 N.Y.S.2d 440, 442 (App.Div.1998) (quoting Berley Indus. v. City of New York, 45 N.Y.2d 683, 412 N.Y.S.2d 589, 385 N.E.2d 281, 283 (1978) and Mid-State Precast Sys. v. Corbetta Constr. Co., 202 A.D.2d 702, 608 N.Y.S.2d 546, 548 (App.Div.1994)). Moreover, New York courts have rejected total cost claims for lack of evidence. See, e.g., F.W. Sims, Inc. v. T. Moriarty & Son, Inc., 265 A.D.2d 234, 696 N.Y.S.2d 453, 453-54 (App.Div.1999) (agreeing with the trial court that the “ ‘total cost’ method of calculating construction delay damages was inapplicable under the particular circumstances of this case, and that plaintiff did not otherwise sufficiently prove delay-caused labor costs by non-speculative evidence”); Mid-State Precast Sys., 608 N.Y.S.2d at 548 (rejecting plaintiffs total cost claim for delay where plaintiffs proof consisted of a letter stating that it had sustained damages of $1,065,982 without supporting documentation or verification). Therefore, we conclude that the arbitrators did not manifestly disregard the law in failing to award total cost damages. Cf. Stoltr-Nielsen, 548 F.3d at 98 (noting that “federal courts may not review [findings of fact] even for manifest disregard”); accord Wallace, 378 F.3d at 193.
The Joint Venture also asks that the June 2005 award be modified to account for about $548,000 that it claims should have been debited against Coastal’s award. But as the district court noted in rejecting that argument:
These issues were raised directly with the arbitrators, who denied them through an order issued on August 11, 2005.... The arbitrators would have had the power to correct any computational errors, nothing suggests that they misapprehended their authority in that regard, and they declined to make any alteration in the First Award.... [T]he arbitrators decided these issues in [Coastal’s] favor on the merits.
Bench Opinion at 17-18. We agree.
We therefore reverse the district court’s vacatur of the June 2005 arbitral award.
We note that the Joint Venture also seeks vacatur of the April 2007 arbitral award. Pursuant to the Federal Arbitration Act (“FAA”), 9 U.S.C. § 1 et seq., when a party moves a court for an order confirming an arbitral award, such as the April 2007 award, “the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in [Sections 10-11 of the FAA.]” 9 U.S.C. § 9. And as the Supreme Court has noted, Sections 10 and 11 “provide the FAA’s exclusive grounds for expedited vacatur and modification.” Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 1403, 170 L.Ed.2d 254 (2008).
The parties assume that vacatur of the April 2007 award follows as a necessary result of our reversal of the vacatur of the June 2005 arbitral award; on the basis of that assumption they fail to address the authority by which a court can vacate the April 2007 award.
With respect to the district court’s vacatur of the June 2005 arbitral award, we reverse and remand with instructions to confirm that award in its entirety. With respect to the district court’s confirmation of the April 2007 arbitral award, we vacate and remand with instructions for the court to proceed in light of our reversal of the June 2005 arbitral award, which conflicts with the April 2007 award.
We have considered all of the parties’ other arguments and find them to be without merit. For the foregoing reasons, the *721 judgment is hereby REVERSED in part and VACATED and REMANDED in part.